■ In the Matter of ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KATHRYN B., Appellant; JOSEPH Z., Respondent. (Proceeding No. 1.) In the Matter of ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KATHRYN B., Appellant; SHIRLEY Z., Respondent. (Proceeding No. 2.)—In consolidated child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals (1) from an order of the Family Court, Rockland County (Stanger, J.), dated May 22, 1990, which, after a hearing, dismissed the petition against Shirley Z. alleging neglect of Kathryn B., (2) from an order of the same court, dated June 11, 1990, which, after a hearing, dismissed the petition against Joseph Z. alleging abuse of Kathryn B., and (3), as limited by its brief,

from so much of an order of the same court dated June 11, 1990, as, upon reargument, adhered to the original determination dated May 22, 1990, dismissing the neglect petition against Shirley Z.

Ordered that the appeal from the order dated May 22, 1990, is dismissed without costs or disbursements, as that order was superseded by the order dated June 11, 1990, made upon reargument; and it is further,

Ordered that the order dated June 11, 1990, made upon reargument, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 11, 1990, with respect to the abuse petition, is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for a new fact-finding hearing before a different Judge.

The neglect petition was properly dismissed. The petitioner failed to establish by a preponderance of the evidence that the respondent Shirley Z. knew, or should reasonably have known, that her daughter was in imminent danger of becoming a victim of sexual abuse or any other form of physical, emotional, or mental impairment (see, Matter of Sara X., 122 AD2d 795, 796).

However, we conclude there should be a new hearing with respect to the abuse petition filed against the respondent Joseph Z. It appears the court concluded that the child's accusations against her stepfather, Joseph Z., may have been the product of her desire to effect a reconciliation with her natural father. We find no basis in the record for the court to have drawn such a conclusion. Moreover, because the validator had not considered the possibility that the child had a motivation to fabricate, the Family Court Judge also questioned the value of the validator's testimony. In addition, the Family Court Judge, pursuant to a self-imposed policy, refused to allow the subject child, who was 14 years old at the time of the hearing, to give sworn testimony. Under the circumstances, the determination to conduct an in-camera interview with the child without consideration of her age and emotional maturity constituted an improvident exercise of discretion which precluded the use of her sworn testimony to establish a prima facie case of abuse without the need for additional corroborative evidence (cf., Matter of Christina F., 74 NY2d 532, 534). We of course are empowered to make our own assessment of the credibility of the testimony, and have in

certain cases made a finding of abuse on the basis of the record before us *(see, Matter of Jacklyn P.,* 179 AD2d 646). However, we decline to make a finding of abuse in this case, and instead remit the matter to the Family Court for a new fact-finding hearing before a different Judge. [As amended by order entered Dec. 21, 1992.] Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.