■ In the Matter of ELI G. and Others, Children Alleged to be Abused. JEAN G., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), dated February 4, 1991, which, upon a fact-finding order of the same court, dated March 29, 1990, finding that the appellant had physically abused his three children, placed his son, Jean, Jr., with the Commissioner of Social Services for a period of one year, placed his two other sons, Eli and Eloide, in the custody of their mother, Marie G., under the supervision of the Commissioner of Social Services, for a period of one year, and excluded him from the home of Marie G. for a period of one year. The appeal brings up for review the fact-finding order dated March 29, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly determined that the appellant abused Jean, Jr. The evidence adduced at the fact-finding hearing established that the appellant flogged Jean, Jr. with

an electrical cord, resulting in bruises and lacerations to most of Jean, Jr.'s back *(see, Matter of Ely P.,* 167 AD2d 473; *Matter of Chianti FF.,* 163 AD2d 688; *Matter of John G.,* 89 AD2d 704).* The Family Court also properly determined that Eli and Eloide were derivatively abused children since there was a danger that these children would be subject to the same type of corporeal punishment as they grew older *(see, Matter of Ely P., supra; Matter of James P.,* 137 AD2d 461; *Matter of Christina Maria C.,* 89 AD2d 855).

There is no merit to the appellant's contention that he should have been permitted to show that Jean, Jr. was "clearly distinctive from the rest of the household". The issues in a derivative determination are proximity in time to the underlying abuse and whether the parent has shown a change in the behavior that caused the underlying abuse *(see, Matter of Ely P., supra; Matter of Christina Maria C., supra).* The evidence in this case established that the whipping was not an isolated incident but a pattern of discipline that the appellant felt was justified. Further, Jean, Jr.'s alleged behavior, even if substantiated, was simply no excuse for the appellant's physical abuse. Under these circumstances, it was certainly reasonable for the Family Court to infer ongoing danger to all the children *(see, Matter of Christina Maria C., supra).*

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.