■ In the Matter of NORLAND B. and Another, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; KAREN B., Appellant, et al., Respondent. [595 NYS2d 235] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Torres, J.), dated March 27, 1989, which, upon a fact-finding order of the same court, dated April 19, 1988, which, after a hearing, found, *inter alia,* that she had neglected her two children, *inter alia,* released the children to

the appellant, pursuant to a stipulation, under the supervision of Special Services of Children for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, we find that the Family Court's order determining her son Norland to be a neglected child was supported by a preponderance of the credible evidence (Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1). The evidence established that Norland was physically injured as a result of excessive corporal punishment inflicted by his stepfather, and that the mother knew or should have known of it (see, *Matter of Westchester County Dept. of Social Servs. [Barbara H.]*, 185 AD2d 821; *Matter of C. Children*, 183 AD2d 767). This evidence further supported a finding that Norland's younger sister, Lauren, was likewise a neglected child (Family Ct Act § 1046 [a] [i]; *Matter of Jose Y.*, 177 AD2d 580; *Matter of Lynelle W.*, 177 AD2d 1008; *Matter of P. Children*, 172 AD2d 839).

We have reviewed the mother's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.