■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOSEPH P. and Another, Children Alleged to be Neglected, Appellant. JOHN P., Respondent. [626 NYS2d 522] —In proceedings pursuant to Family Court Act

article 10, the Suffolk County Department of Social Services appeals from an order of the Family Court, Suffolk County (Kent, J.), entered April 27, 1994, which, after a fact-finding hearing, dismissed the petitions.

Ordered that the order is modified, on the law and on the facts, by deleting therefrom the provision dismissing the petition that alleges neglect of Joseph P.; as so modified the order is affirmed, without costs or disbursements, the petition on behalf of Joseph P. is reinstated, the allegation of neglect of Joseph P. is found to be established, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing.

The Family Court erred by dismissing the petition that alleges that Joseph P. is a neglected child. The evidence at the fact-finding hearing establishes that Joseph's father inflicted excessive corporal punishment on Joseph, which resulted in bruises and a laceration to the child's buttocks and a buckle-shaped bruise on his back (see, Family Ct Act § 1012 [f] [i] [B]; *Matter of Norland B.,* 191 AD2d 632; *Matter of Eli G.,* 189 AD2d 764; *Matter of Ely P.,* 167 AD2d 473). Since the petitioner proved by a preponderance of the evidence that Joseph is a neglected child, we so find and remit the matter to the Family Court, Suffolk County, for a dispositional hearing.

A finding that a child is neglected does not automatically result in a finding of derivative neglect with regard to that child's siblings (see, *Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694). Under the circumstances of this case, we find that a derivative finding of neglect with respect to Joseph's 15-year-old sister Gina is not warranted (see, *Matter of John S.,* 175 AD2d 207). Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.