■ In the Matter of GERALD P., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; HADDIE P., Appellant, et al., Respondent. In the Matter of MICHAEL P., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; HADDIE P., Appellant, et al., Respondent. In the Matter of WILLIAM P., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; HADDIE P., Appellant, et al., Respondent. In the Matter of SHAQUANA P., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; HADDIE P., Appellant, et al., Respondent. In the Matter of NAQUAN P., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; HADDIE P.,

Appellant, et al., Respondent. In the Matter of SHANIQUA P., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; HADDIE P., Appellant, et al., Respondent. [714 NYS2d 234] —In six child protective proceedings pursuant to Family Court Act article 10, the mother appeals from six orders of disposition (one for each child) of the Family Court, Kings County (Adams, J.), each dated June 10, 1998, which, upon a fact-finding order of the same court, dated April 10, 1997, made after a hearing, finding, *inter alia*, that Shaquana P. was abused and Gerald P., Michael P., Naquan P., William P., and Shaniqua P. were derivatively abused, placed the children with the Commissioner of Social Services for a period of 12 months. The appeals bring up for review the fact-finding order dated April 10, 1997.

Ordered that the appeals from so much of the orders of disposition as directed the placement of the children with the Commissioner of Social Services for a period of 12 months are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, the evidence adduced at the fact-finding hearing established by a preponderance of the evidence that Shaquana P. was an abused child (*see,* Family Ct Act § 1012 [e] [ii]; § 1046 [b] [i]; *Matter of Eli G.,* 189 AD2d 764; *Matter of C. Children,* 183 AD2d 767). Moreover, the Family Court properly determined that the appellant's remaining children who are the subject of the instant proceeding were derivatively abused, as the evidence established that there was a danger that these children would be subject to the same type of excessive corporal punishment (*see, Matter of Eli G., supra*).

The orders of disposition appealed from have been superseded by subsequent orders of disposition, which are beyond the scope of review of the instant appeals. Thus, any corrective measures which this Court might have taken with respect to the orders of disposition appealed from would have no practical effect. Therefore, the appeals from those orders, insofar as they directed the placement of the children, are academic (*see, Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620; *Matter of Alan B.,* 267 AD2d 306; *Matter of Jason J.,* 237 AD2d 357). O'Brien, J. P., Thompson, Altman and Friedmann, JJ., concur.