■ In the Matter of DANIELLE S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA S., Appellant, et al., Respondent. [723 NYS2d 704]

—In a proceeding pursuant to Family Court Act article 10, the mother appeals (1), as limited by her brief, from so much of a fact-finding order of the Family Court, Queens County (Bogacz, J.), dated May 7, 1999, as, after a hearing, found that she had neglected the subject child, and (2) from a dispositional order of the same court, dated June 22, 1999, which, *inter alia*, placed the child in the custody of the Commissioner of Social Services for a period of one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the appeal from so much of the dispositional order as placed the child in the custody of the Commissioner of Social Services is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the dispositional order as placed the children in the care of the petitioner must be dismissed as academic because the one-year placement period has expired (*see, Matter of Angelina E.,* 213 AD2d 346; *Matter of Tanya M.,* 207 AD2d 656; *Matter of Byron A.,* 112 AD2d 30).

Although the dispositional order has expired, the adjudication of neglect constitutes a permanent and significant stigma. Moreover, the finding of neglect might indirectly affect the appellant's status in potential future proceedings. Therefore, the appeal from so much of the dispositional order as found that the child was neglected is not academic (*see, Matter of H. Children,* 156 AD2d 520).

The petitioner proved by a preponderance of the evidence that the subject child was neglected by the mother (*see,* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1). The mother knew or should have known either that the child was being beaten by the father, or was in imminent danger of similar harm (*see,* Family Ct Act § 1012 [f] [i]; § 1046 [a] [i]; *Matter of Norland B.,* 191 AD2d 632; *Matter of Victor S.,* 166 AD2d 535; *Matter of Sara X.,* 122 AD2d 795). The mother's failure to protect the child supports the court's finding of neglect against her (*see, Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.,* 194 AD2d 608; *Matter of Victor S., supra*).

The appellant's remaining contention is without merit. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.