■ In the Matter of SIMON DEITH, Respondent, v SUSAN DEITH, Appellant. [811 NYS2d 451]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals (1) from an order of the Family Court, Nassau County (Foskey, J.), dated January 7, 2004, which, after a hearing, in effect, found that she committed family offenses, directed her, inter alia, to stay away from her son, and to refrain from assaulting, stalking, harassing, menacing, or threatening him, and further directed her, among other things, to refrain from assaulting, stalking, harassing, menacing, or threatening the father and (2), as limited by her brief, from so much of an order of the same court dated May 25, 2004, as extended the order of protection until May 25, 2005.

Ordered that the orders are modified, on the law, by deleting the provisions thereof pertaining to the parties' son; as so modified, the orders are affirmed, without costs or disbursements.

Although the orders of protection have now expired by their terms, the appeals from the Family Court's determination that the appellant committed a family offense are not academic in light of the enduring consequences which may potentially flow from such an adjudication (*see Matter of Cardarelli v Cardarelli*, 277 AD2d 225 [2000]; *Matter of Whittemore v Lloyd*, 266 AD2d 305 [1999]; *Matter of Platsky v Platsky*, 237 AD2d 610 [1997]; *Matter of Cutrone v Cutrone*, 225 AD2d 767 [1996]).

In this case, the Family Court abused its discretion in allowing the son to testify in camera outside the presence of the mother or her counsel (*see Matter of Rockland County Dept. of Social Servs. [Joseph Z.]*, 186 AD2d 136 [1992]). Since there is insufficient admissible evidence to establish the facts that were alleged in the petition with respect to the son without that

testimony, the orders of protection must be modified with respect to the parties' son (see Family Ct Act § 834; *Whittemore v Lloyd, supra*).

The mother's remaining contentions either have been rendered academic or are without merit. Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.