■ In the Matter of ANDREW B.-L., a Child Alleged to be Neglected. Suffolk County Department of Social Services, Respondent; DEBORAH Byron B.-L., Appellant. In the Matter of JASMINE B.-L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH BYRON B.-L., Appellant. In the Matter of MICHELLE B.-L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH BYRON B.-L., Appellant. [844 NYS2d 337]—

In related neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Budd, J.), entered April 10, 2006, which, after a hearing, and upon a deci-

sion of the same court entered March 31, 2006, inter alia, found that she neglected her daughter Michelle B.-L. by inflicting excessive corporal punishment upon her and derivatively neglected her two other children, Andrew B.-L. and Jasmine B.-L.

Ordered that on the Court's own motion, the mother's notice of appeal from the decision entered March 31, 2006 is deemed a premature notice of appeal from the order entered April 10, 2006 (*see* CPLR 5520 [c]); and it is further,

Ordered that the order is reversed, on the law and on the facts, without costs or disbursements, those branches of the petition alleging derivative neglect of the children Andrew B.-L. and Jasmine B.-L. are dismissed, and the matter is remitted to the Family Court, Suffolk County, for a new fact-finding hearing and a new determination thereafter before a different Judge as to whether the mother neglected the child Michelle B.-L.

The in camera interview of the 14-year-old child Michelle B.-L. was improperly conducted without considering whether there was a need for her to speak in camera (*see Matter of Annemarie R.,* 37 AD3d 723 [2007]; *Matter of Q.-L. H.,* 27 AD3d 738 [2006]), without the presence of the mother's legal adviser (*see Matter of Christina F.,* 74 NY2d 532 [1989]; *Matter of Deith v Deith,* 27 AD3d 649 [2006]; *Matter of Leslie C.,* 224 AD2d 947 [1996]), and without administering an oath (*see Matter of Rockland County Dept. of Social Servs. [Joseph Z.],* 186 AD2d 136 [1992]). Weeks after the in camera interview, Michelle was asked in open court to swear to the truth of the statements she made in camera—a procedure which failed to impress upon the child the necessity of testifying truthfully.

In view of the Family Court's heavy reliance upon the improperly-conducted in camera interview, the determination of neglect with respect to Michelle must be reversed and the matter remitted to the Family Court, Suffolk County, for a new fact-finding hearing and a new determination thereafter before a different judge.

There is no evidence in this record that the mother used excessive corporal punishment against Michelle's siblings. The findings with respect to the siblings were based upon derivative neglect. However, there is no per se rule that a finding of neglect of one sibling requires a finding of derivative neglect with respect to the other siblings. "The focus of the inquiry . . . is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.,* 191 AD2d 694 [1993]; *see Matter of Rasheda S.,* 183 AD2d 770 [1992]). Under the circumstances of this case,

the findings of derivative neglect as to Michelle's siblings were unwarranted (see Matter of Isaiah Keith B., 306 AD2d 343 [2003]; Matter of Suffolk County Dept. of Social Servs. [Joseph P.], 215 AD2d 486 [1995]).

The mother's remaining contentions are without merit. Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.