■ In the Matter of JAMAKIE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GWENDOLYN J., Appellant. (Proceeding No. 1.) In the Matter of JAZLINNE M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GWENDOLYN J., Appel-

lant. (Proceeding No. 2.) In the Matter of GREEN J. ADMINISTRA-TION FOR CHILDREN'S SERVICES, Respondent; GWENDOLYN J., Appellant. (Proceeding No. 3.) [989 NYS2d 867]—

In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an amended order of fact-finding and disposition of the Family Court, Queens County (McGowan, J.), dated May 31, 2013, as, upon granting the petitioner's motion for summary judgment on the issue of derivative neglect, determined that the mother derivatively neglected the subject children, and placed the subject children in the custody of the Commissioner of Social Services of the City of New York until completion of the next permanency hearing.

Ordered that the amended order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.

The mother contends, and the attorney for the children and the petitioner concede, that the Family Court incorrectly granted the petitioner's motion for summary judgment on the issue of derivative neglect, based upon prior adjudications of neglect against the mother that were made with respect to several of the mother's other children who are not the subject of these proceedings, and which were rendered more than 10 years prior to the entry of the order appealed from. Under the circumstances of this case, we agree with the mother that the prior adjudications of neglect are too remote in time to sustain findings of derivative neglect in these proceedings (*see Matter of Dana T. [Anna D.]*, 71 AD3d 1376 [2010]). Accordingly, the petitioner's motion for summary judgment on the issue of derivative neglect should not have been granted, and we remit the matter to the Family Court, Queens County, for a fact-finding hearing on the issue of derivative neglect.

The mother's remaining contention regarding the hearing held pursuant to Family Court Act § 1028 is not properly before this Court. Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.