Matter of Azayla K. L. (Aleisha L.) (2020 NY Slip Op 05902)





Matter of Azayla K. L. (Aleisha L.)


2020 NY Slip Op 05902


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-09597
 (Docket No. N-27394-17)

[*1]In the Matter of Azayla K. L. (Anonymous). Administration for Children's Services, petitioner-respondent; Aleisha L. (Anonymous), also known as Aleisha O. (Anonymous), appellant, et al., respondent.


Brooklyn Defender Services, Brooklyn, NY (Ambika Panday, Amy Mulzer, and Sidley Austin LLP [Eamon P. Joyce and Amanda M. Blau], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Elizabeth I. Freedman of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated July 10, 2019. The order, insofar as appealed from, granted that branch of the petitioner's motion which was for summary judgment on so much of the petition as alleged that the mother derivatively neglected her youngest child.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petitioner's motion which was for summary judgment on so much of the petition as alleged that the mother derivatively neglected her youngest child is denied.
As is relevant to this appeal, the subject child's oldest sibling, Amora, was born in March of 2014. A few months after Amora's birth, the Administration for Children's Services (hereinafter ACS) filed a petition pursuant to article 10 of the Family Court Act against the mother. In an order of fact-finding dated November 23, 2015, the Family Court found that the mother neglected Amora on the basis that the mother's mental illness raised a serious risk of injury to that child.
The subject child's other sibling, Akira, was born in December of 2015. ACS filed an Article 10 petition against the mother soon after Akira's birth, and in an order of fact-finding and disposition dated February 16, 2017, the Family Court determined, on consent but without admission, that the mother neglected Akira. The court found that the mother suffered from a mental illness which impaired her ability to care for Akira, and that the mother had not sufficiently benefited [*2]from mental health treatment to alleviate the threat of harm to Akira.
The subject child was born in September of 2017. On October 5, 2017, ACS filed a neglect petition alleging, inter alia, derivative neglect based upon the determinations of neglect pertaining to the subject child's siblings. In February 2018, ACS moved for summary judgment on so much of the petition as alleged that the mother derivatively neglected the subject child. In an order dated July 10, 2019, the Family Court granted the motion, and the mother appeals.
We disagree with the Family Court's determination that ACS established its entitlement to judgment as a matter of law on the issue of whether the mother derivatively neglected the subject child (see Family Ct Act § 1012[f][i]). Although there is no express provision for a summary judgment procedure in a Family Court Act article 10 proceeding, summary judgment pursuant to CPLR 3212 may be granted in such a proceeding when there is no triable issue of fact outstanding (see Family Ct Act § 165[a]; Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1000-1001). In support of its motion, ACS submitted the court's prior orders determining that the mother neglected the two older children (see Matter of Jaylhon C. [Candace C.], 170 AD3d at 1001; Matter of Shay-Nah FF. [Theresa GG.], 106 AD3d 1398, 1400). While there were findings of neglect as to the subject child's two siblings, "there is no per se rule that a finding of neglect of one sibling requires a finding of derivative neglect with respect to the other siblings. The focus of the inquiry . . . is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (Matter of Andrew B.-L., 43 AD3d 1046, 1047 [internal quotation marks omitted]; see Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694; Matter of Rasheda S., 183 AD2d 770).
Here, ACS failed to establish as a matter of law that, under the circumstances, the neglect of the subject child's siblings merits a finding of derivative neglect as to the subject child (see Matter of Elijah O. [Marilyn O.], 83 AD3d 1076; Matter of Andrew B.-L., 43 AD3d 1046; Matter of Isaiah Keith B., 306 AD2d 343; Matter of Suffolk County Dept. of Social Servs. [John P.], 215 AD2d 486). The medical records submitted by ACS demonstrated that the mother had failed to comply with her mental health treatment in late 2016, which noncompliance was a basis of the prior findings of neglect. However, the records submitted also demonstrated that the mother recommenced treatment in early 2017, immediately after the finding of neglect as to the second child, Akira, and that the mother was thereafter compliant and made positive progress in her mental health treatment for the following year. Accordingly, it cannot be said that ACS established, prima facie, that the mother derivatively neglected the subject child through her failure to resolve the same issues that were the basis for the prior findings of neglect as to the two older children (see Matter of Elijah O. [Marilyn O.], 83 AD3d 1076; cf. Matter of Jaylhon C. [Candace C.], 170 AD3d at 1001; Matter of Annalise L. [Jalise P.], 170 AD3d 835, 837).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court