Matter of Kiarah V.R. (Virginia V.) (2024 NY Slip Op 01552)

Matter of Kiarah V.R. (Virginia V.)

2024 NY Slip Op 01552

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-00768
2023-00769
2023-03130
 (Docket Nos. N-8909-20, N-6591-21)

[*1]In the Matter of Kiarah. R. (Anonymous). Administration for Children's Services, respondent; Virginia V. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Bakari K. (Anonymous). Administration for Children's Services, respondent; Virginia V. (Anonymous), appellant. (Proceeding No. 2)

Brooklyn Defender Services (Jessica Marcus, Deborah Frankel, and Kramer Levin Naftalis & Frankel LLP, New York, NY [Karen S. Kennedy and Drew Zagami], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Chloé K. Moon of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated December 15, 2022, and two amended orders of fact-finding of the same court (one as to each child), both dated December 16, 2022. The order dated December 15, 2022, granted the petitioner's motion for summary judgment on so much of the petitions as alleged that the mother derivatively neglected the subject children. The amended orders of fact-finding found that the mother derivatively neglected the subject children.
ORDERED that the appeal from the order dated December 15, 2022, is dismissed, without costs or disbursements, as it was superseded by the amended orders of fact-finding; and it is further,
ORDERED that the amended orders of fact-finding dated December 16, 2022, are reversed, on the law, without costs or disbursements, the petitioner's motion for summary judgment on so much of the petitions as alleged that the mother derivatively neglected the subject children is denied, the order dated December 15, 2022, is modified accordingly, and the matter is remitted to the Family Court, Kings County, for a fact-finding hearing and new determinations on so much of [*2]the petition concerning the child Kiarah V. R. as alleged that the mother derivatively neglected the child Kiarah V. R. and on the petition alleging that the mother derivatively neglected the child Bakari K.
The subject children were born in 2020 and 2021. The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, among other things, that the mother derivatively neglected the children based on findings of neglect against the mother in 2007 and 2009 as to the children's older siblings. ACS moved for summary judgment on so much of the petitions as alleged that the mother derivatively neglected the children. The Family Court granted the motion, and the mother appeals.
Although there is no express provision for a summary judgment procedure in Family Court Act article 10 proceedings, summary judgment pursuant to CPLR 3212 may be granted in such a proceeding when it clearly has been ascertained that there is no triable issue of fact (see Family Ct Act § 165[a]; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182; Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1001).
While proof of the abuse or neglect of one child is admissible evidence on the issue of the abuse or neglect of any other child of the parent (see Family Ct Act § 1046[b]), "there is no per se rule that a finding of neglect of one sibling requires a finding of derivative neglect with respect to the other siblings. The focus of the inquiry . . . is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood" (Matter of Andrew B.-L., 43 AD3d 1046, 1047 [internal quotation marks omitted]; see Matter of Katherine L. [Adrian L.], 209 AD3d 737, 739). In determining whether a child born after the underlying acts of abuse or neglect should be adjudicated derivatively neglected, the "determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Serenity R. [Truman C.], 215 AD3d 854, 857 [internal quotation marks omitted]; see Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077; Matter of Kadiatou B., 52 AD3d 388, 389).
Here, ACS failed to establish, prima facie, that the mother derivatively neglected the children based upon her alleged failure to address certain mental health issues underlying the 2007 and 2009 findings of neglect (see Matter of Azayla K.L. [Aleisha L.], 187 AD3d 1018, 1020). In support of its motion, ACS relied solely on the prior neglect findings and failed to include an affidavit from anyone with personal knowledge of the events alleged in the neglect petitions or any other evidentiary material (see CPLR 3212[b]). The prior neglect findings were not so proximate in time to establish, as a matter of law, that the conditions that formed the basis therefor continued to exist (see Matter of Jamakie B. [Gwendolyn J.], 119 AD3d 939, 940; Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court