■ In the Matter of STEPHANIE R., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OR-LANDO G., Also Known as ORLANDO R., Appellant. (Proceeding No. 1.) In the Matter of SAMANTHA R., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OR-LANDO G., Also Known as ORLANDO R., Appellant. (Proceeding No. 2.) [799 NYS2d 804]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Spinner, J.), entered October 4, 2004, as, after a hearing, found that he sexually abused Samantha R. and derivatively abused Stephanie R.

Ordered that the order of fact-finding and disposition is modified, on the law, by deleting the provision thereof finding that the father derivatively abused Stephanie R., and substituting therefor a provision finding that he derivatively neglected Stephanie R.; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements.

As the father correctly contends, the Family Court erred in refusing to permit the mother to testify about statements made by his child, Samantha R., in which she recanted her allegations of sexual abuse (see Family Ct Act § 1046 [a] [vi]). However, the error was harmless because the Family Court admitted similar testimony by Samantha's therapist and was aware of the child's efforts to change her account of the incident. Moreover, that evidence did not undermine the credibility of Samantha's initial statement to such an extent as would require reversal (see Mat-

*ter of Lisa S. v William S.*, 187 AD2d 435 [1992]). The father's own statement to the police tracked and corroborated Samantha's initial allegations. Thus, the Family Court was entitled to credit Samantha's corroborated statement to the police, and its finding of abuse should not be disturbed (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Sharonda S.*, 301 AD2d 532 [2003]).

The Family Court's finding of derivative abuse as to Stephanie R. was supported by the evidence (*see* Family Ct Act § 1046 [a] [i]; *Matter of Jessica S.*, 18 AD3d 562 [2005]; *Matter of Desiree C.*, 7 AD3d 522 [2004]). However, as the petition alleged derivative neglect and was not amended in accordance with Family Court Act § 1051 (b), the finding of derivative abuse was procedurally improper (*see Matter of Shawniece E.*, 110 AD2d 900 [1985]; *Matter of Terry S.*, 55 AD2d 689 [1976]). However, since a finding that Stephanie R. was derivatively neglected by her father was also supported by the evidence (*see Matter of Darnell Mc.*, 230 AD2d 733 [1996]; *Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694 [1993]), we modify the order of fact-finding and disposition. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.