■ In the Matter of LATIFAH C., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MORRIS L., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of LATISHA L., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MORRIS L., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of LYASIA C., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MORRIS L., Appellant, et al., Respondent. (Proceeding No. 3.) [826 NYS2d 333]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1), as limited by his brief, from so much of a fact-finding order of the Family Court, Kings County (Turbow, J.), dated July 8, 2004, made after a hearing, as found, in effect, that the father abused the child Latifah and derivatively abused the children Lyasia and Latisha, and found that the additional elements of severe abuse (*see* Social Services Law § 384-b [8] [a] [ii]) were proven and that the children were severely abused children, (2) from an order of disposition of the same court dated August 25, 2004, which, upon the fact-finding order, after a dispositional hearing, inter alia, placed the children in the custody of the Administration for Children's Services for a period of 12 months and (3) an order of the Family Court, Kings County (Danoff, J.), dated September 30, 2004.

Ordered that the appeal from the fact-finding order is

dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it further,

Ordered that the appeal from so much of the order of disposition as placed the children in the custody of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated September 30, 2004 is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order of disposition is modified, on the law, by (1) deleting the provision thereof finding that the additional elements of severe abuse were proven and that the children were severely abused children, (2) deleting the provision thereof finding that the father derivatively abused the child Latisha, and (3) adding thereto a decretal paragraph stating: "Pursuant to Family Court Act § 1052 (c), Morris L. is advised that any subsequent adjudication of child abuse, as defined in Family Court Act § 1012 (e) (iii), or any subsequent finding of a felony sex offense as defined in Penal Law §§ 130.25, 130.30, 130.35, 130.40, 130.45, 130.50, 130.65, or 130.70, arising out of acts committed by him, may result in the commitment of the guardianship and custody of the children or other children pursuant to Social Services Law § 384-b"; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appeal from so much of the order of disposition as placed the children in the custody of the Administration for Children's Services for a period of 12 months must be dismissed as academic, as the period of placement expired by its own terms (*see Matter of Garth S.*, 309 AD2d 940 [2003]; *Matter of Fatima Mc.*, 292 AD2d 532, 533 [2002]).

The Family Court's finding that the father sexually abused the child Latifah is supported by a preponderance of the evidence (*see Matter of Sylvia J.*, 23 AD3d 560, 562 [2005]; *Matter of Jasmine A.*, 295 AD2d 504, 505 [2002]). Where, as here, the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Sylvia J., supra; Matter of Commissioner of Social Servs. of City of N.Y. v Clifton F.*, 207 AD2d 836, 837 [1994]). The father's claim that the Family Court failed to state the grounds for the abuse finding (*see* Family Ct Act § 1051) does not require reversal "where, as here, the record amply supports Family Court's ultimate finding" (*Matter of Amber VV.*, 19 AD3d 767, 769 [2005]; *see*

*Matter of Aishia O.*, 284 AD2d 581, 584 [2001]; *Matter of Anita U.*, 185 AD2d 378, 379 [1992]). Thus, we discern no basis to disturb the Family Court's finding of sexual abuse with respect to the child Latifah.

Similarly, the Family Court's finding of derivative abuse as to the child Lyasia was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [a] [i]; *Matter of Stephanie R.*, 21 AD3d 417 [2005]; *Matter of Jessica S.*, 18 AD3d 562 [2005]). However, since the petition with respect to Latisha failed to allege derivative abuse and was not amended in accordance with Family Court Act § 1051 (b), the finding of derivative abuse with respect to Latisha was procedurally improper (*see Matter of Stephanie R.*, *supra*; *cf. Matter of Shawniece E.*, 110 AD2d 900 [1985]; *Matter of Terry S.*, 55 AD2d 689 [1976]).

In addition to its finding of abuse as to all three children, the Family Court made a further finding that the children were severely abused, as defined in Social Services Law § 384-b (8) (a). Because such a finding is admissible, and often central, in a subsequent proceeding to terminate parental rights, (*see* Family Ct Act § 1051 [e]; Social Services Law § 384-b [4] [e]), it must be based on clear and convincing evidence (*see* Family Ct Act § 1051 [e]), and must include, inter alia, a finding that "the agency has made diligent efforts to encourage and strengthen the parental relationship, including efforts to rehabilitate the [parent], when such efforts will not be detrimental to the best interests of the child, and such efforts have been unsuccessful and are unlikely to be successful in the foreseeable future" (Social Services Law § 384-b [8] [a] [iv]). As no proof of such "diligent efforts" was tendered by the agency here, the Family Court's additional finding of severe abuse cannot stand.

The father correctly contends that the Family Court failed to issue the warnings required by Family Court Act § 1052 (c). Nevertheless, because he has not suffered any prejudice as a result of that omission, the defect may be remedied by modifying the order of disposition with respect to him to add the required language (*see* CPLR 2001; *Matter of Heather S.*, 19 AD3d 606 [2005]; *Matter of Jasmine A.*, *supra*).

The father's remaining contentions are without merit. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.