■ In the Matter of REBECCA KK., A Child Alleged to be Abused and Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOUGLAS KK., Appellant. [834 NYS2d 732]—

Mercure, J.P. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered March 1, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be severely abused, abused and neglected.

Respondent, the biological father of Rebecca KK. (born in 1993), served a five-year prison sentence imposed in 2001 after he admitted to sexually abusing the child and pleaded guilty to the crime of attempted sodomy in the first degree. In June 2003, respondent consented to the termination of petitioner's supervision of him, and to a protective order that barred him from contacting the child until she was 18, but permitted him to move for modification of the order if he successfully completed a sex offender program. Petitioner commenced this proceeding in November 2004, alleging that the child had been severely abused, abused and neglected, and seeking a permanent order of protection in favor of the child. Following a hearing, Family Court granted petitioner's motion for summary judgment and adjudicated the child to be severely abused, abused and neglected based upon respondent's criminal conviction. The court also found that "aggravating circumstances" existed within the meaning of Family Ct Act § 1012 (j). The matter proceeded to disposition and Family Court relieved petitioner of its obligation to make reasonable efforts to reunite respondent with the child. Respondent sought to appeal from the decision entered in connection with the fact-finding order and his counsel filed an *Anders* brief, seeking to be relieved of her assignment on the ground that no nonfrivolous issues existed. This Court exercised its discretion to treat the premature notice of appeal from the fact-finding decision as valid in the interest of justice, relieved counsel from the assignment and, determining that at least one nonfrivolous issue was arguable on the merits, withheld decision and assigned new counsel (31 AD3d 830, 831 [2006]).*

Initially, respondent's argument that the petition was fatally defective because it failed to provide required warnings is not supported by the record (*see* Family Ct Act § 1031 [f]; *cf. Matter of Rebecca KK.*, 19 AD3d 763, 764 [2005]). Turning to the merits, we note that the petition asserted that the child was

---

* Because respondent attempted to appeal only from the fact-finding order, the subsequent dispositional order and any arguments addressing the dispositional hearing are not properly before us (*see Matter of Milicia NN.*, 30 AD3d 722, 723 [2006]; *Matter of Kaitlyn R.*, 267 AD2d 894, 896 n 3 [1999]).

"severely abused," as defined in Social Services Law § 384-b (8) (a) (ii), based upon respondent's alleged commission of a felony offense against the child as found in Penal Law § 130.50. In granting petitioner's motion for summary judgment, Family Court gave collateral estoppel effect to respondent's conviction of attempted sodomy in the first degree (see Penal Law §§ 110.00, 130.50) and expressly declined to determine whether petitioner was required to make diligent efforts to reunite respondent and the child. Upon appeal, respondent argues that an attempt to commit a sex offense defined in Penal Law article 130 is not a predicate crime sufficient to establish severe abuse within the meaning of the Social Services Law (compare Social Services Law § 384-b [8] [a] [ii], with Social Services Law § 384-b [8] [a] [iii]). This argument is concededly unpreserved.

We agree with respondent, however, that Family Court erred in refusing to determine, prior to adjudicating the child to be severely abused or finding that "aggravating circumstances" were present, whether petitioner was required to make diligent efforts to rehabilitate respondent or that such efforts would be detrimental to the child's best interests. As petitioner concedes, "a finding of severe abuse under Social Services Law § 384-b (8)," which also serves as the predicate to a finding of aggravating circumstances under Family Court Act article 10, "necessitate[s] an inquiry into the appropriateness of diligent efforts and the extent to which they would be detrimental to the best interests of the children" (Matter of Marino S., 100 NY2d 361, 373 [2003], cert denied 540 US 1059 [2003]; see Social Services Law § 384-b [8] [a] [iv]; Family Ct Act § 1012 [j]). Thus, respondent is correct that the issue of diligent efforts must be addressed at the fact-finding hearing, prior to an adjudication of severe abuse. Nevertheless, any error in that regard is harmless herein, inasmuch as respondent—while represented by counsel—previously agreed to entry of an order terminating petitioner's supervision of him and to an order of protection barring all contact with the child until her 18th birthday. Given the order on consent, we agree with petitioner that "a court ha[d] previously determined in accordance with . . . the family court act that reasonable efforts to make it possible for the child to return safely to his or her home are not required," and petitioner was not required to demonstrate diligent efforts (Social Services Law § 384-b [8] [a] [iv]). Respondent's remaining arguments regarding the order on consent are either unsupported by the record or otherwise meritless.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.