In the Matter of REBECCA KK., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON PP., Appellant. [856 NYS2d 705]—

Mercure, J.P. Appeals from two orders of the Family Court of Cortland County (Campbell, J.), entered June 14, 2007, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent, who is the mother of a daughter (born in 1993), has been under petitioner's supervision since 2002. The child had been subjected to long-term sexual abuse by her father and suffers from enuresis and encopresis, i.e., the inability to control her bladder and bowels, evidently stemming from the abuse.* The child has also twice been found to have been neglected by the mother.

Despite petitioner's continued provision of services since 2002, the child has been infantilized and has often worn filthy cloth-

---

* This Court previously affirmed a Family Court order adjudicating the child to have been severely abused, abused and neglected by the father, who was sentenced to five years in prison in 2001 after admitting to sexually abusing the child and pleading guilty to the crime of attempted sodomy in the first degree (*Matter of Rebecca KK.*, 40 AD3d 1195 [2007], *lv denied* 9 NY3d 811 [2007]).

ing that smelled of urine and feces, and respondent has been unable to keep her residence clean in light of the child's habit of relieving herself on the floors and furniture. In February 2007, the child was sent home from school because her odor was allegedly causing others to become ill, and respondent consented to the temporary placement of the child in petitioner's custody. Petitioner then commenced this neglect proceeding and, following a preliminary hearing, Family Court continued the child's placement in foster care pending disposition of this matter. Visitation was suspended when the child began to regress due to respondent's expressions of anger, threats and inappropriate physical contact with the child during the visits. Respondent allegedly also threatened to kill various caseworkers and educators providing services.

Following fact-finding and dispositional hearings, Family Court determined that petitioner demonstrated that the child was neglected and that it would be in her best interest to remain in petitioner's custody with visitation temporarily suspended. Respondent appeals from both the fact-finding and dispositional orders.

We affirm. "[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker" to supply the child with food, clothing or shelter, or to provide proper supervision or guardianship (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Jessica YY.*, 258 AD2d 743, 744 [1999]). In determining whether there has been a failure to exercise a minimum degree of care, parental behavior must be evaluated "objectively," in light of whether "a reasonable and prudent parent [would] have so acted, or failed to act, under the circumstances then and there existing" (*Nicholson v Scoppetta*, 3 NY3d at 370).

Contrary to respondent's assertions that the record lacks evidence to support Family Court's determination that the child was neglected, petitioner presented ample proof that respondent failed to provide the child with adequate clothing, shelter or supervision. The child's school nurse detailed her attempts over approximately five months to help the child cope with her offensive bodily odor, which included strong smells of urine and feces, and arose due to the child's failure to shower, wash her hair, or wear unsoiled clothes to school. In addition, caseworkers and a parent educator testified extensively regarding the

stench of human waste in respondent's apartment, stains on the furniture and the child's mattress, and respondent's resistance to cleaning the apartment or laundering the child's clothing.

This evidence provided a sound and substantial basis to support Family Court's finding that the child was in imminent danger of impairment due to respondent's failure to exercise a minimum degree of care (*see Matter of Aiden L.*, 47 AD3d 1089, 1090-1091 [2008]; *Matter of Krista L.*, 20 AD3d 783, 784-785 [2005]; *Matter of Russell B.*, 1 AD3d 832, 833 [2003]). Furthermore, in light of the evidence that respondent behaved inappropriately during visits, as well as the recommendation of the child's counselor and testimony regarding the recurrence of the child's enuresis and encopresis after visitation due to her fear that she would be returned to respondent's care, we conclude that the temporary denial of visitation to respondent was " 'based on compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare' " (*Matter of Victoria X.*, 34 AD3d 1117, 1118 [2006], *lv denied* 8 NY3d 806 [2007], quoting *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682 [1999], *lv dismissed* 93 NY2d 958 [1999]; *see Matter of Shawn Y.*, 263 AD2d 687, 688 [1999]; *Matter of Kathleen OO.*, 232 AD2d 784, 786 [1996]). We have considered respondent's remaining argument and conclude that it is lacking in merit.

Peters, Kane, Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.