■ In the Matter of REBECCA KK., a Child Alleged to be Severely Abused. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOUGLAS KK., Appellant. [861 NYS2d 459]—

Mercure, J.P. Appeals from a decision and order of the Family Court of Cortland County (Campbell, J.), entered September 21, 2007 and October 15, 2007, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be severely abused, and terminated respondent's parental rights.

Upon a prior appeal from a fact-finding order in a proceeding pursuant to Family Ct Act article 10, this Court affirmed Family Court's finding that respondent had severely abused the subject child (*Matter of Rebecca KK.*, 40 AD3d 1195 [2007], *lv denied* 9 NY3d 811 [2007]).[1] Although we concluded that Family Court

---

1. This Court also recently affirmed a Family Court determination adjudicating the child to have been neglected by her mother and directing that the child remain in petitioner's custody (*Matter of Rebecca KK.*, 51 AD3d 1086 [2008]).

erred in refusing to determine whether diligent efforts were necessary until the dispositional hearing—such a determination must be made at the fact-finding hearing—we deemed the error to be harmless (*id.* at 1197). Moreover, while the dispositional order was not properly before us because respondent did not appeal from that order (*id.* at 1196 n), we note that Family Court considered the issue of diligent efforts at the dispositional hearing. The court concluded that it would be contrary to the child's best interest to have contact with respondent and detrimental to her welfare if petitioner made efforts to reunite him with the child.

Petitioner subsequently commenced this proceeding pursuant to Social Services Law § 384-b, alleging severe abuse of the child and seeking the termination of respondent's parental rights. Following a fact-finding hearing, Family Court granted petitioner's motion for summary judgment. The matter proceeded to a dispositional hearing, after which Family Court terminated respondent's parental rights. Respondent appeals and we now affirm the dispositional order.[2]

Respondent's argument that Family Court has never determined that diligent efforts to reunite the family are inappropriate is belied by the record. As noted above, the court found such diligent efforts to be unnecessary at the dispositional hearing in the Family Ct Act article 10 proceeding upon petitioner's motion pursuant to Family Ct Act § 1039-b. In addition, as we explained in our prior decision regarding that proceeding, Family Court " 'ha[d] previously determined in accordance with . . . the family court act that reasonable efforts to make it possible for the child to return safely to his or her home are not required' " in connection with a prior order on consent (*Matter of Rebecca KK.*, 40 AD3d at 1197, quoting Social Services Law § 384-b [8] [a] [iv]). In any event, Social Services Law § 384-b (8) (d) provides that a prior adjudication of severe abuse under Family Ct Act article 10 "shall establish that the child was a severely abused child in accordance with this section" when the prior adjudication is based upon clear and convincing evidence. Inasmuch as Family Court's finding of severe abuse was based on clear and convincing evidence—and this Court affirmed that finding (*Matter of Rebecca KK.*, 40 AD3d 1195 [2007], *supra*)—Family Court properly granted summary judgment on the petition and terminated respondent's parental rights.

2.  Although respondent appealed both the dispositional order and the decision entered in connection with that order, the Family Ct Act does not permit an appeal to be taken from a decision (*see* Family Ct Act § 1112 [a]). Accordingly, respondent's appeal from Family Court's decision must be dismissed.

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the appeal from the decision entered September 21, 2007 is dismissed, without costs. Ordered that the order entered October 15, 2007 is affirmed, without costs.