■ In the Matter of TAYLOR P., a Child Alleged to be Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TIAMIRRA H. et al., Appellants. [881 NYS2d 304]—In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Pearl, J.), dated February 6, 2008, as, upon so much of a fact-finding order of the same court dated November 9, 2006, made after a hearing, as found that she abused the subject child, Taylor P., placed Taylor P. in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, and the father separately appeals, as limited by his brief, from so much of the same order of disposition as, upon so much of the fact-finding order as found that he abused Taylor P., placed Taylor P. in the custody of the Commissioner of Social Services until the completion of the next permanency hearing. The appeals from the order of disposition bring up for review the fact-finding order.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court providently exercised its discretion in conforming the child neglect petition to the proof of child abuse adduced during the fact-finding hearing, and providing the parents with an opportunity to answer the amended allegations of abuse (*see* Family Ct Act § 1051 [b]; *Matter of LeVonn G.*, 20 AD3d 530, 531 [2005]; *cf. Matter of Latifah C.*, 34 AD3d 798, 800 [2006]; *Matter of Stephanie R.*, 21 AD3d 417, 418 [2005]). The record demonstrates that the parents were not prejudiced by the court's determination.

The Family Court's determination in a child protective proceeding, where issues of credibility are presented, is entitled to great deference on appeal, as the court saw and heard the witnesses (*see Matter of Steven Glenn R.*, 51 AD3d 802, 803

[2008]; *Matter of Spillman v Spillman,* 40 AD3d 770 [2007]). The Family Court's determination that the petitioner established, by a preponderance of the evidence, that the parents abused Taylor P., or permitted Taylor P. to be abused, is supported by the record (*see* Family Ct Act § 1012 [e] [i]).

The parents' remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.