■ In the Matter of LEON K., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O. et al., Appellants. (Proceeding No. 1.) In the Matter of LASHAWN K., an Infant, ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O. et al., Appellants. (Proceeding No. 2.) In the Matter of TIFFANY R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O. et al., Appellants. (Proceeding No. 3.) [894 NYS2d 455]—

"A determination in a criminal action may be given collateral estoppel effect in a Family Court proceeding where the identical issue has been resolved, and the defendant in the criminal action had a full and fair opportunity to litigate the issue of his or her criminal conduct" (*Matter of Javon T.*, 64 AD3d 608, 608 [2009]; *see Matter of Ajay P.*, 60 AD3d 681 [2009]; *Matter of Desiree C.*, 7 AD3d 522 [2004]). Here, the Administration for Children's Services (hereinafter ACS), with the support of the attorney for the children, moved for summary judgment against the parents on the issues of abuse and severe abuse, establishing that the mother pleaded guilty to assault in the second degree (Penal Law § 120.05 [2]), and the father pleaded guilty to attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), for their commission of the same abusive acts alleged in the petitions. Notably, in their plea allocutions, both parents admitted that the assault victim was the child Lashawn K. Based upon these submissions, an award of summary judgment was proper on the issue of whether the parents abused Lashawn K. and derivatively abused Leon K. and Tiffany R. (*see* Family Ct Act § 1012 [e] [i], [ii]; *see also Matter of Arianna L.*, 55 AD3d 733 [2008]; *Matter of Lester M.*, 44 AD3d 944 [2007]).

However, with respect to the issue of severe abuse, even though the convictions satisfied Social Services Law § 384-b (8) (a) (iii) (C), an award of summary judgment was improper, since, as ACS properly concedes on appeal, ACS failed to establish that it either made "diligent efforts to encourage and strengthen the parental relationship" which were unsuccessful, or that a demonstration of such efforts was excused (*see* Social Services Law § 384-b [8] [a] [iv]; *Matter of Candace S.*, 38 AD3d 786, 788 [2007]; *Matter of Latifah C.*, 34 AD3d 798 [2006]; *see also Matter of Rebecca KK.*, 40 AD3d 1195 [2007]). Because a finding of severe abuse "is admissible, and often central, in a subsequent proceeding to terminate parental rights (*see* Family Ct Act § 1051 [e]; Social Services Law § 384-b [4] [e]), it must be based on clear and convincing evidence (*see* Family Ct Act § 1051 [e]), and must include, inter alia, a finding that 'the agency has made diligent efforts to encourage and strengthen the parental relationship, including efforts to rehabilitate the [parent], when such efforts will not be detrimental to the best interests of the child, and such efforts have been unsuccessful and are unlikely to be successful in the foreseeable future' " (*Matter of Latifah C.*, 34 AD3d 798 [2006], quoting Social Services Law § 384-b [8]

[a] [iv]). In light of this determination, an award of summary judgment on the issue of derivative severe abuse also was improper. We note that ACS may attempt to establish the allegations of severe abuse and derivative severe abuse in further fact-finding proceedings.

The parties' remaining contentions are without merit. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.