■ In the Matter of LEON K., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of LASHAWN K., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TIFFANY R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O., Appellant, et al., Respondent. (Proceeding No. 3.) [923 NYS2d 121]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (McGowan, J.), dated June 4, 2010, as, in effect, granted that branch of the petitioner's motion which was for summary judgment on the issue of her severe abuse of Lashawn K. and derivative severe abuse of the children Leon K. and Tiffany R.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion which was, in effect, for summary judgment on the issue of the mother's severe abuse of Lashawn K. and derivative severe abuse of the children Leon K. and Tiffany R. is denied, and the matter is remitted to the Family Court, Queens County, for a fact-finding hearing and a new determination on the allegations of the mother's severe abuse and derivative severe abuse of the children.

In *Matter of Leon K. (Marilyn O.)* (69 AD3d 856 [2010]), a previous appeal involving this family, we upheld the Family Court's award of summary judgment to the Administration for Children's Services (hereinafter ACS) on the issues of the mother's abuse of the child Lashawn K. and derivative abuse of the children Leon K. and Tiffany R., in light of the appellant's plea of guilty to assault in the second degree (Penal Law § 120.05 [2]) and her admission during her plea allocution that the victim of the assault was Lashawn K. However, we held that an award of summary judgment on the issues of her "severe" abuse of Lashawn and derivative "severe" abuse of Leon and Tiffany was improper because "ACS failed to establish that it either made 'diligent efforts to encourage and strengthen the

parental relationship' which were unsuccessful, or that a demonstration of such efforts was excused" (*Matter of Leon K. [Marilyn O.]*, 69 AD3d at 857, quoting Social Services Law § 384-b [8] [a] [iv]). We added the following caveat at the end of that decision: "We note that ACS may attempt to establish the allegations of severe abuse and derivative severe abuse in further fact-finding proceedings" (*Matter of Leon K. [Marilyn O.]*, 69 AD3d at 858).

On remittal, ACS made a new motion, which, although not denominated as a motion for summary judgment, sought a finding, inter alia, that "reasonable efforts" with regard to the mother were not required pursuant to Family Court Act § 1039-b, and, upon such a finding, a determination that the mother severely abused Lawshawn and derivatively severely abused Leon and Tiffany. The attorney for the child supported the motion, but the appellant argued in opposition, inter alia, that she was entitled to a fact-finding hearing. The Supreme Court, among other things, granted that branch of ACS's motion which was for these findings without holding a hearing, in effect, granting summary judgment on the issues of the mother's severe abuse and derivative severe abuse. We reverse the order insofar as appealed from.

Family Court Act § 1051 (e) states that, in addition to a finding of "abuse," a court may also, upon clear and convincing evidence, enter a finding of "severe abuse," as that term is defined in Social Services Law § 384-b (8) (a). Under Social Services Law § 384-b (8) (a), in order to establish that a child is "severely abused," the agency is required to demonstrate, among other things, that "[it] has made diligent efforts to encourage and strengthen the parental relationship, including efforts to rehabilitate the respondent, when such efforts will not be detrimental to the best interests of the child, and such efforts have been unsuccessful and are unlikely to be successful in the foreseeable future" (Social Services Law § 384-b [8] [a] [iv] [emphasis added]). That section further states: "Where a court has previously determined in accordance with this chapter or the family court act that reasonable efforts to make it possible for the child to return safely to his or her home are not required, the agency shall not be required to demonstrate diligent efforts as set forth in this section" (Social Services Law § 384-b [8] [a] [iv] [emphasis added]). "Reasonable efforts" to make it possible for the child to return safely to his or her home may be excused in several different circumstances pursuant to Family Court Act § 1039-b.

"The law provides for a procedure by which the parent is

entitled to offer evidence to contravene the agency's request to be excused from reasonable efforts" (*Matter of Marino S.*, 100 NY2d 361, 371 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children and Family Servs. Inc.*, 540 US 1059 [2003], citing Family Ct Act § 1039-b *and* Social Services Law § 384-b [8] [a] [iv]). Here, ACS's contention that reasonable efforts were excused pursuant to Family Court Act § 1039-b (b) (1), because the mother subjected Lashawn to "aggravated circumstances," cannot be determined without a hearing. The term "aggravated circumstances" is defined to mean, inter alia, "where a child has been . . . severely or repeatedly abused" (Family Ct Act § 1012 [j]). However, inasmuch as a finding of severe abuse has not been made to date, Family Court Act § 1039-b (b) (1) has not been satisfied (*see Matter of Rebecca KK.*, 40 AD3d 1195, 1197 [2007]). ACS's alternative contention, that "reasonable efforts" were excused pursuant to Family Court Act § 1039-b (b) (4), because the mother was convicted of assault in the second degree which resulted in "serious physical injury" to Lashawn, also cannot be determined without a hearing. "Serious physical injury" is not an element of assault in the second degree under subdivision (2) of Penal Law § 120.05, to which the mother pleaded guilty (*compare* Penal Law § 120.05 [1] *with* Penal Law § 120.05 [2]). Accordingly, we must remit the matter to the Family Court, Queens County, for an evidentiary hearing and a new determination because the mother is entitled to "a full opportunity to present evidence in support of [her] contention that diligent efforts to reunite [her] with [her] children should be required" (*Matter of Marino S.*, 100 NY2d at 370).

The parties' remaining contentions are without merit or have been rendered academic. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.