■ In the Matter of ELIJAH O., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARILYN O., Also Known as NOELMA O., Appellant. [923 NYS2d 575]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (McGowan, J.), dated June 4, 2010, which granted the petitioner's motion for summary judgment on the issue of her derivative abuse and derivative severe abuse of the child Elijah O.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitioner's motion for summary judgment is denied, and the matter is remitted to the Family Court, Queens County, for a fact-finding hearing and a new determination.

The subject of this derivative abuse and severe abuse proceeding, Elijah O., was born on February 17, 2008, over three years after the appellant committed an act of abuse against Elijah's older half-brother, Lashawn. Subsequent to the abuse of Lashawn, the mother pleaded guilty to assault in the second degree and admitted during her plea allocution that the victim of the assault was Lashawn. In light of the mother's conviction, the Family Court granted summary judgment to the Administration for Children's Services (hereinafter ACS), entering findings

that the mother abused Lashawn and derivatively abused two other children, Tiffany and Leon, who were living in the home at the time that the abuse occurred (*see Matter of Leon K. [Marilyn O.]*, 69 AD3d 856 [2010]). Proceedings relating to Leon, Tiffany, and Lashawn regarding allegations of severe abuse and derivative severe abuse are still pending (*see Matter of Leon K. [Marilyn O.]*, 83 AD3d 1069 [2011] [decided herewith]).

Here, ACS moved for summary judgment on the issues of derivative abuse and derivative severe abuse of Elijah. The attorney for the child supported the motion, but the appellant opposed, arguing that she was entitled to a fact-finding hearing. The Family Court granted ACS's motion. We reverse and remit the matter to the Family Court, Queens County, for a fact-finding hearing and a new determination.

In determining whether a child born after the underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the "determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (*Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see Matter of Amber C.*, 38 AD3d 538, 541 [2007]; *Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d at 903; *see Matter of Amber C.*, 38 AD3d at 541; *Matter of Baby Boy W.*, 283 AD2d at 585).

Under the circumstances of this case, it was error for the Family Court to grant ACS's motion for summary judgment. Given the passage of time between the conduct which formed the basis for the finding that Lashawn was abused and Elijah's birth, it cannot be said, as a matter of law, that the condition still exists. "[T]here is no per se rule that a finding of neglect [or abuse] of one sibling requires a finding of derivative neglect [or abuse] with respect to the other siblings" (*Matter of Andrew B.-L.*, 43 AD3d 1046, 1047 [2007]).

In light of the foregoing, and in light of our determination in *Matter of Leon K.* (83 AD3d 1069 [2011]), the award of summary judgment on the issue of derivative severe abuse also was improper.

We take no position as to whether, after a fact-finding hearing, the allegations of derivative abuse should be sustained by

the Family Court. Mastro, J.P., Belen, Chambers and Roman, JJ., concur.