In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Stokinger, J.), dated May 10, 2011, which, upon a fact-finding order of the same court dated March 22, 2011, made after a hearing, finding that he sexually abused and neglected the subject child, and after a dispositional hearing, placed the subject child in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing.
Ordered that the order of disposition is affirmed, without costs or disbursement.
“At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected” (Matter of Kassandra V. [Sylvia L.], 90 AD3d 940, 941 [2011]; see Family Ct Act § 1046 [b] [i]; Matter of Quincy K. [Herbie W.], 92 AD3d 944 [2012]). The Family Court’s credibility determinations are entitled to great deference on appeal, as the court saw and heard the witnesses (see Matter of Taylor P., 63 AD3d 1161, 1161 [2009]).
The evidence presented at the fact-finding hearing established that the father hit the subject child several times with an electrical cord, causing bruises to her arm and back. Thus, contrary to the father’s contention, the Family Court’s finding of neglect based on the use of excessive corporal punishment is supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]; Matter of Delehia J. [Tameka J.], 93 AD3d 668 [2012]; Matter of Taylor P., 63 AD3d at 1161; Matter of Kim HH., 239 AD2d 717, 719 [1997]).
*837 Moreover, contrary to the father’s contention, the evidence adduced at the fact-finding hearing, including the sworn testimony of the child, was sufficient to prove, by the requisite preponderance of the evidence, that he sexually abused her (see Family Ct Act § 1012 [e] [iii]; Penal Law §§ 130.50, 130.55, 130.60 [2]; Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176 [2010]; Matter of Taylor P., 63 AD3d at 1161). Thus, the Family Court properly determined that it was in the child’s best interests to be placed with the Commissioner of Social Services of Queens County (see Matter of Lauryn H. [William A.], 73 AD3d at 1176; Matter of Taylor P., 63 AD3d at 1161). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.