In December 2010, upon a petition alleging that the mother neglected her daughter, Akasha, by abusing marijuana, the mother consented to entry of a finding of neglect. An order of disposition was entered upon that finding, requiring, among other things, that the mother participate in anger management, parenting skills, and domestic violence programs. In March 2011, less than three months after the mother consented to entry of the finding of neglect with respect to Akasha, the mother gave birth to the subject child, William, Jr. The mother, but not William, Jr., tested positive for marijuana. Two days after William was born, the Commissioner of the Administration for Children’s Services of the City of New York (hereinafter the petitioner) filed a petition in this proceeding alleging, among other things, that the mother derivatively neglected William, Jr. The petition cited the mother’s positive test for marijuana, as well as the mother’s alleged noncompliance with other provisions of the order of disposition in the child protective proceeding with respect to Akasha.
At the fact-finding hearing in the instant matter, the petitioner sought to introduce evidence of the neglect finding as to Akasha as proof that the mother in fact neglected Akasha, and in support of the petition in this proceeding alleging derivative neglect of William, Jr. The Family Court declined to admit the evidence. It held that a finding of neglect as to one child entered upon the party’s consent is not admissible as “proof of the neglect” of that child in a subsequent neglect proceeding commenced in connection with another child (Family Ct Act § 1046 [a] [i]; see Matter of William N. [Kimberly H.], 40 Misc 3d 602, 616 [2013]). Further, upon concluding that the petitioner submitted insufficient proof that the mother derivatively neglected William, Jr., the Family Court granted the mother’s motion pursuant to CPLR 4401 for judgment as a matter of law, and dismissed the petition insofar as asserted against the mother. The petitioner appeals.
A petitioning agency has the burden of establishing child ne *705 gleet under Family Court Act article 10 by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Maithsa Edourd S., 27 AD3d 475, 476 [2006]). Proof of a respondent’s neglect of one child is admissible in determining whether the respondent has neglected another child (see Family Ct Act § 1046 [a] [i]).
The petitioner contends that the Family Court erred in holding that the neglect finding with respect to Akasha was inadmissible as evidence in the proceeding with respect to William Jr. Two sections of the Family Court Act, sections 1051 (a) and 1046, are directly relevant here. Section 1051 (a) states: “If facts sufficient to sustain the petition are established . . . , or if all parties and the attorney for the child consent, the court shall . . . enter an order finding that the child is an abused child or a neglected child and shall state the grounds for the finding.” Next, section 1046, as relevant here, provides: “(a) In any hearing under this article . . . : (i) proof of the . . . neglect of one child shall be admissible evidence on the issue of the . . . neglect of any other child of . . . the respondent.” The entry of a finding of neglect of one child may not be made without a factual basis, even upon consent (see generally Merril Sobie & Gary Solomon, New York Family Court Practice § 2.62 at 171-172 [2d ed 10 West’s NY Prac Series 2012]; cf. Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]). Thus, entry of a finding of neglect as to a child clearly constitutes proof that that child was neglected, even if the order was entered upon consent (see Matter of Alyssa WW. [Clifton WW.], 106 AD3d 1157, 1157-1158 [2013]). Accordingly, such a fact-finding order is admissible with respect to the issue of whether the parent derivatively neglected another child (see Family Ct Act § 1046 [a] [i]; cf. North Carolina v Alford, 400 US 25 [1970]; Matter of Silmon v Travis, 95 NY2d at 475-476; Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495 [1984]; Matter of Cumberland Pharmacy v Blum, 69 AD2d 903, 903 [1979]; but cf. Matter of Howard v Stature Elec., Inc., 20 NY3d 522, 525 [2013]). Consequently, the Family Court erred in holding that the neglect finding as to Akasha was not admissible evidence in the neglect proceeding as to William, Jr. The neglect finding as to Akasha was proof that the mother neglected Akasha and was, thus, admissible evidence in the proceeding regarding William, Jr., even though the finding as to Akasha was entered on the mother’s consent.
Further, while the proof of the neglect as to Akasha was admissible with respect to this proceeding alleging derivative neglect of William, Jr., “there is no per se rule that a finding of neglect of one sibling requires a finding of derivative neglect *706 with respect to the other siblings” (Matter of Andrew B.-L., 43 AD3d 1046, 1047 [2007]; see Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077 [2011]). Rather, “the focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent’s understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused [or neglected] one child will place his or her other children at substantial risk of harm” (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 694 [1993] [citations omitted]).
Further, “[i]n determining whether a child born after the underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, ‘the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists. In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future’ ” (Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077, quoting Matter of Cruz, 121 AD2d 901, 902-903 [1986]; see Matter of Baby Boy W., 283 AD2d 584, 585 [2001]). Here, the mother consented to a finding that she neglected Akasha in a proceeding based upon the allegation that she abused marijuana. The finding of neglect as to Akasha was entered only three months prior to the birth of William, Jr., and the commencement of this derivative neglect proceeding. That “prior finding was so proximate in time to the derivative proceeding, that it can reasonably be concluded that the condition still exists” (Matter of Amber C., 38 AD3d 538, 541 [2007]; see Matter of Baby Boy W., 283 AD2d at 585). In any event, the evidence of the mother’s positive test for marijuana upon the birth of William, Jr., established that the mother had continued to abuse marijuana.
Additionally, the order of disposition in the proceeding with respect to Akasha required that the mother participate in anger management, parenting skills, and domestic violence avoidance programs. While the evidence established that the mother partially engaged in remedial services and programs mandated in that order of disposition, she failed to fully comply with that order. Thus, she failed to demonstrate that the circumstances *707 leading to the neglect finding as to Akasha “cannot reasonably be expected to exist currently or in the foreseeable future” (Matter of Baby Boy W., 283 AD2d at 585; see Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077; Matter of Amber C., 38 AD3d at 541).
The remaining contentions of the mother and the petitioner are without merit.
Accordingly, we reverse the order of fact-finding and disposition, reinstate the petition insofar as asserted against the mother, find that the mother derivatively neglected the subject child, and remit the matter to the Family Court, Kings County, for a dispositional hearing, and a new disposition thereafter on that branch of the petition which was asserted against the
mother.
Balkin, J.E, Chambers, Cohen and Duffy, JJ., concur.