In the Matter of DAYYAN J.L. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AUTUMN M., Appellant, et al., Respondent. [17 NYS3d 729]—

Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), dated December 9, 2013. The order, after fact-finding and dispositional hearings, found that the mother had derivatively neglected the subject child and, upon consent, placed the child in the custody of the Orange County Department of Social Ser-

vices, to reside in foster care until the next permanency hearing.

Ordered that the appeal from so much of the order as, upon consent, placed the child in the custody of the Orange County Department of Social Services, to reside in foster care until the next permanency hearing, is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as, upon consent, placed the subject child in the custody of the Orange County Department of Social Services, to reside in foster care until the next permanency hearing, must be dismissed, as no appeal lies from an order entered upon the consent of the appealing party (*see Matter of Brian R.*, 48 AD3d 576, 577 [2008]). In any event, that portion of the order of disposition has been rendered academic, as it has expired by its own terms (*see Matter of Sarah A. [Daniel A.]*, 109 AD3d 467 [2013]; *Matter of Brian R.*, 48 AD3d at 577). Nevertheless, the Family Court's finding of derivative neglect against the mother is not academic, since an adjudication of derivative neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in future proceedings (*see Matter of Najad D. [Kiswana M.]*, 99 AD3d 707, 708 [2012]; *Matter of Ifeiye O.*, 53 AD3d 501, 501 [2008]; *Matter of Brian R.*, 48 AD3d at 577).

"In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the 'determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists' " (*Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011], quoting *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see Matter of Madison B. [Daniel B.]*, 123 AD3d 1027 [2014]; *Matter of Harmony M.E. [Andre C.]*, 121 AD3d 677, 679 [2014]; *Matter of Jeremiah I.W. [Roger H.W.]*, 115 AD3d 967, 969 [2014]; *Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d at 903; *see Matter of Elijah O. [Marilyn O.]*, 83 AD3d at 1077; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]).

Here, the petitioner established that the subject child was

derivatively neglected by the mother. The petitioner demonstrated, inter alia, that the mother failed to seek mental health counseling, complete drug treatment and domestic violence counseling programs, and attend parenting classes as required by orders of disposition issued in connection with prior neglect findings against her as to an older sibling, and that the conduct that formed the basis of the most recent neglect finding was sufficiently proximate in time to this derivative neglect proceeding that it can reasonably be concluded that the condition still exists (*see Matter of Madison B. [Daniel B.]*, 123 AD3d at 1027-1028; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d at 804; *Matter of Amber C.*, 38 AD3d at 541).

The mother failed to rebut the petitioner's prima facie case or establish that the "condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d at 903; *see Matter of Elijah O. [Marilyn O.]*, 83 AD3d at 1077; *Matter of Amber C.*, 38 AD3d at 540).

Moreover, the evidence adduced at the hearing established that the subject child was in imminent danger of becoming physically, mentally, or emotionally impaired as a result of the mother's mental illness (*see Matter of Negus T. [Fayme B.]*, 123 AD3d 836 [2014]; *Matter of Amber Gold J. [Vanessa J.]*, 88 AD3d 1001 [2011]; *Matter of Faith J.*, 47 AD3d 630 [2008]).

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly found that the mother derivatively neglected the subject child. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.