■ In the Matter of BABY BOY D. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ADANNA C., Appellant. [43 NYS3d 367]—

Appeals by the mother from (1) an order of fact-finding of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 26, 2015, and (2) an order of disposition of that court dated August 5, 2015. The order of fact-finding found, after a hearing, that the mother derivatively abused the subject child. The order of disposition, among other things, released the subject child to the mother's custody under the supervision of the Administration for Children's Services for a period of 12 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as released the subject child to the mother's custody under the supervision of the Administration for Children's Services for a period of 12 months must be dismissed as academic, as that portion of the order has already expired (*see Matter of Michael B. [Samantha B.]*, 130 AD3d 619, 620 [2015]; *Matter of Brian R.*, 48 AD3d 576, 577 [2008]). Nevertheless, the Family Court's finding of derivative abuse against the mother is not academic, since an adjudication of derivative abuse constitutes a permanent and significant stigma which might indirectly affect the mother's status in future proceedings (*see Matter of Dayyan J.L. [Autumn M.]*, 131 AD3d 1243, 1244 [2015]; *Matter of Linda F. [Jose F.]*, 119 AD3d 944, 945 [2014]).

In 2011, the mother's 19-month-old son suffered a fractured skull while in the mother's care, and all three of her children were removed from her custody and remanded to the custody of the Administration for Children's Services (hereinafter ACS). In July 2012, following a fact-finding hearing, the Family Court determined, inter alia, that the mother abused the injured child, and that her other two children were derivatively abused. In May 2014, the mother gave birth to the subject child, and ACS filed a petition alleging derivative abuse based, inter alia, on the earlier injury to the subject child's sibling. After the fact-finding hearing, the Family Court found that the mother derivatively abused the subject child.

"In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the 'determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists' " (*Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011], quoting *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see Matter of Madison B. [Daniel B.]*, 123 AD3d 1027, 1027 [2014]; *Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011]). "In such a case, the condition is presumed to exist currently and the respondent has the burden

of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Cruz*, 121 AD2d at 903; *see Matter of Dayyan J.L. [Autumn M.]*, 131 AD3d at 1244; *Matter of Alicia P. [Gregory P.]*, 123 AD3d 1135, 1135 [2014]).

Contrary to the mother's contention, the Family Court's finding that she derivatively abused the subject child was supported by a preponderance of the evidence adduced at the fact-finding hearing (*see* Family Ct Act § 1046 [b] [i]). ACS demonstrated, inter alia, that the mother, who was diagnosed with paranoid personality disorder, failed to re-engage in therapy as directed by an April 2013 dispositional order until nearly 13 months later, shortly before the filing of the instant petition, and that the conduct that formed the basis of the most recent abuse finding was sufficiently proximate in time to this derivative abuse proceeding such that it can reasonably be concluded that the condition still exists (*see Matter of Dayyan J.L. [Autumn M.]*, 131 AD3d at 1245; *Matter of Alicia P. [Gregory P.]*, 123 AD3d at 1135-1136). The case planner supervisor assigned to the mother's case testified at the fact-finding hearing that she spoke with the mother about the prior abuse finding and that the mother stated that "[s]he doesn't believe that she did anything wrong," or "that she'd do anything differently."

The mother, who chose not to testify at the fact-finding hearing, failed to rebut ACS's prima facie case or establish that the condition cannot reasonably be expected to exist currently or in the foreseeable future (*see Matter of Dayyan J.L. [Autumn M.]*, 131 AD3d at 1245; *Matter of Madison B. [Daniel B.]*, 123 AD3d at 1028; *Matter of Cruz*, 121 AD2d at 903).

The mother's remaining contention is without merit. Eng, P.J., Austin, Roman and Cohen, JJ., concur.