Matter of Sebastian Y. (John S.) (2020 NY Slip Op 03669)





Matter of Sebastian Y. (John S.)


2020 NY Slip Op 03669


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-02547
 (Docket No. N-3421-18)

[*1]In the Matter of Sebastian Y. (Anonymous). Orange County Department of Social Services, petitioner-respondent; John S. (Anonymous), appellant, et al., respondent.


Salihah R. Denman, Harrison, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for petitioner-respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), entered January 28, 2019. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the father derivatively neglected the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The subject child was removed from the care and custody of his parents and placed in the custody of the Orange County Department of Social Services (hereinafter DSS) shortly after his birth. By petition, DSS alleged, inter alia, that the father had neglected the child. Following fact-finding and dispositional hearings, in an order of fact-finding and disposition, the Family Court, among other things, found that the father derivatively neglected the child. The father appeals.
"In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243, 1244 [internal quotation marks omitted]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (id. at 1244 [internal quotation marks omitted]).
Here, DSS established that the father derivatively neglected the child. The child's older sibling was adjudged neglected after an incident of domestic violence between the parents, and the father failed to complete "a mental health assessment with an anger management component . [*2]. . and follow through with any and all recommendations" from the treatment provider, as required by the order of fact-finding and disposition issued in the older sibling's case. Taking into account the underlying neglect condition and the father's failure to address that condition by completing court-ordered services, DSS established that the conduct that formed the basis of the neglect finding for the older sibling was "so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exist[ed]" (id. [internal quotation marks omitted]). The father failed to rebut this prima facie case or establish that the condition could not "be expected to exist currently or in the foreseeable future" (id. [internal quotation marks omitted]). Accordingly, we agree with the Family Court's determination that the father derivatively neglected the child.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court