Matter of Jamie A. C.-A (Jamie A.) (2020 NY Slip Op 07056)





Matter of Matter of Jamie A. C.-A (Jamie A.)


2020 NY Slip Op 07056


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-13231
2020-02158
 (Docket No. N-21413-16)

[*1]In the Matter of Jamie A. C.-A. (Anonymous). Suffolk County Department of Social Services, respondent; Jamie A. (Anonymous), appellant.


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Cohen, County Attorney, Central Islip, NY (Alex J. Berkman of counsel), for respondent.
Heather A. Fig, Bayport, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 7, 2019, and (2) an order of fact-finding and disposition of the same court dated January 30, 2020. The order dated October 7, 2019, granted the petitioner's motion for summary judgment determining that the father derivatively neglected the subject child. The order of fact-finding and disposition, insofar as appealed from, upon the order dated October 7, 2019, found that the father derivatively neglected the subject child.
ORDERED that the appeal from the order dated October 7, 2019, is dismissed, without costs or disbursements, as it was superseded by the order of fact-finding and disposition; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
As is relevant to this appeal, in 2012, the Suffolk County Department of Social Services (hereinafter DSS) filed petitions pursuant to Family Court Act article 10 against the father, alleging that he neglected his children Adriannha A. D. and Alfonso J. C. based on, inter alia, acts of domestic violence. Subsequent petitions were filed against the father in 2014 and 2015, shortly after the birth of two additional children, Harold A. R. A. and Anthony J. A. A (hereinafter, collectively with Adriannha A. D. and Alfonso J. C., the oldest children). The subject child was born in December 2016, and DSS thereafter commenced the instant proceeding alleging that the father derivatively neglected that child.
In July 2018, the Family Court, after a fact-finding hearing, found that the father had permanently neglected the oldest children. After a dispositional hearing, the father's parental rights were terminated by an order of disposition dated June 19, 2019. This Court, in a related [*2]appeal, is affirming the order of disposition (see Matter of Alfonso J. C. [Jamie A.], ___ AD3d ___; decided herewith]).
In September 2019, DSS moved for summary judgment determining that the father derivatively neglected the subject child. DSS asserted that the conduct that formed the basis of the findings of permanent neglect as to the oldest children was so proximate in time to the derivative neglect proceeding that it could reasonably be concluded that the condition still existed. The Family Court granted the motion for summary judgment, and the father appeals.
"'[I]n an appropriate case, the Family Court may enter a finding of neglect on a summary judgment motion in lieu of holding a fact-finding hearing upon the petitioner's prima facie showing of neglect as a matter of law and the respondent's failure to raise a triable issue of fact in opposition to the motion'" (Matter of Joseph Z. [Yola Z.], 173 AD3d 1052, 1052, quoting Matter of Giovanni S. [Jasmin A.], 98 AD3d 1054, 1056).
We agree with the Family Court's determination granting the DSS's motion for summary judgment determining that the father derivatively neglected the subject child. "In determining whether a child born after the underlying acts of neglect should be adjudicated as a child who was derivatively neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct that formed the basis for a finding of neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Alicia P. [Gregory P.], 123 AD3d 1135, 1135; see Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679; Matter of Jeremiah I.W. [Roger H.W.], 115 AD3d 967, 969). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Cruz, 121 AD2d 901, 903; see Matter of Elijah O. [Marilyn O.], 83 AD3d 1076, 1077; Matter of Amber C., 38 AD3d 538, 540).
Here, DSS established, prima facie, that the father derivatively neglected the subject child by demonstrating, inter alia, that the father failed to complete drug treatment and domestic violence counseling programs, as required in connection with the neglect proceedings against him with respect to the oldest children, and that the conduct that formed the basis of the most recent permanent neglect finding was sufficiently proximate in time to this derivative neglect proceeding that it can reasonably be concluded that the condition still exists (see Matter of Elijah G. [Chastity G.], 184 AD3d 825, 827; Matter of Jaylhon C. [Candace C.], 170 AD3d 999, 1001; Matter of Dayyan J.L. [Autumn M.], 131 AD3d 1243, 1245). In opposition, the father failed to rebut DSS's prima facie case or establish that the "condition cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Cruz, 121 AD2d at 903; see Matter of Elijah O. [Marilyn O.], 83 AD3d at 1077).
Accordingly, we agree with the Family Court's determination granting DSS's motion for summary judgment determining that the father derivatively neglected the subject child.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court