■ In the Matter of VICTOR V., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIA V., Appellant. In the Matter of GIOVANNI V., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARIA V., Appellant. [690 NYS2d 129] —In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from two orders of disposition of the Family Court, Queens County (Lubow, J.), both dated June 3, 1997 (one as to each child), which, upon two fact-finding orders of the same court, both dated January 17, 1997 (one as to each child), made after a hearing, finding that she had neglected her children, released them to her custody in the event that the children were returned to New York by their father upon the condition, *inter alia,* that the child protective agency supervise the family. The appeals from the orders of disposition bring up for review the fact-finding orders dated January 17, 1997.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The appellant contends that the Family Court's finding that she neglected her children is not supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]) because there is no proof that they suffered harm when she left them with caretakers who were not apprised of her whereabouts. We disagree. Family Court Act § 1012 (f) (i) defines a neglected child as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * * in supplying the child with adequate food, clothing, [and] shelter". Contrary to the appellant's contention, the record supports the Family Court's determination that her two young sons were in imminent danger of becoming impaired when she left them, for an extended period of time, with caretakers who had no information about where she could be reached, or when she would return for her sons. Moreover, the appellant admitted that she had never met or spoken to the person to whom she entrusted her younger son until the day she left her then 22-month-old son in this person's care. Under these circumstances, we decline to disturb the

Family Court's finding of neglect (*see, Matter of Rizzo R.,* 255 AD2d 588; *Matter of Cody P.,* 227 AD2d 724).

The appellant also objects to the Family Court's orders of disposition because they failed to direct the child protective agency to return the children from Hawaii, where they now reside with their father, and release them into her care. However, since the orders of disposition have expired, the appellant's objections are academic (*see, Matter of Danielle C.,* 253 AD2d 431; *Matter of Myra P.,* 251 AD2d 668).

The appellant's remaining contention is without merit. Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.