■ In the Matter of CALEB C., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIN D., Appellant. [783 NYS2d 121]—

Mercure, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered November 26, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent, the mother of Caleb C. (born in 1999), neglected Caleb by failing to exercise a minimum degree of care. Petitioner asserted that respondent had recently become homeless and lost the benefits of emergency assistance after failing to make attempts to obtain adequate and stable housing for herself and the child. Petitioner further averred that respondent left Caleb in the care of an informal day care provider without informing the provider of her intent not to return for the child. In addition, respondent admitted to having suicidal thoughts and abusing alcohol but was unwilling to seek treatment.

At fact-finding and dispositional hearings, respondent stipulated to many of the facts alleged in the petition and agreed that Caleb would be placed in the custody of his great-aunt for a temporary period, during which respondent would be allowed supervised visits, obtain a mental health evaluation and follow treatment recommendations, complete parenting classes, cooperate with petitioner, and demonstrate her ability to provide for Caleb's physical and emotional needs. Family Court concluded that the majority of the allegations in the petition had been established and that respondent had neglected the child. The court directed that Caleb would remain in the custody of respondent's aunt for a 12-month period. Respondent appeals, arguing that there was insufficient evidence to support Family Court's finding of neglect.*

Pursuant to Family Ct Act § 1012 (f) (i) (A), a child is "[n]e-

---

* Although the dispositional order has, by its own terms, expired, this appeal is not moot because " 'an adjudication of neglect may affect a parent's status in future proceedings' " (Matter of Larenzo SS., 289 AD2d 880, 881 n 3 [2001], quoting Matter of Ronnie XX., 273 AD2d 491, 493 n 2 [2000]).

glected" if the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in supplying the child with adequate food, clothing, [and] shelter." This standard requires that parental behavior be evaluated objectively, in light of what a reasonable and prudent parent would have done to prevent a risk of impairment to the child or imminent danger of impairment (*see Matter of Larenzo SS.*, 289 AD2d 880, 882 [2001]; *Matter of Jessica YY.*, 258 AD2d 743, 744 [1999]). Thus, to establish neglect, petitioner must demonstrate by a preponderance of the evidence both "parental misconduct and harm or potential harm to the child as a result of that misconduct" (*Matter of Ronnie XX.*, 273 AD2d 491, 493 [2000]; *see Matter of Jessica YY., supra* at 744).

Here, respondent asserts that she acted reasonably under the circumstances because at the time she left Caleb with his day care provider, she had recently lost her job and housing and had no other support system upon which to rely. We disagree. Respondent dropped Caleb off at the day care provider without informing the provider of her intention not to return for him and without providing extra clothing, food and medicine or any means of contacting her. Respondent's whereabouts remained unknown until four days later, causing Caleb great emotional distress. After she was located, respondent failed to provide the names of any family or friends who could assist her, objected to Caleb's placement with her grandparents and would not consent to Caleb's temporary placement in foster care. Given respondent's failure to cooperate with petitioner after leaving Caleb with a day care provider, coupled with her refusal to seek mental health treatment or other available services while admittedly overwhelmed, experiencing suicidal thoughts and abusing alcohol, we conclude that a preponderance of the evidence supports Family Court's finding of neglect (*see Matter of Heidi CC.*, 270 AD2d 528, 530 [2000]; *Matter of Victor V.*, 261 AD2d 479, 479-480 [1999], *lv denied* 93 NY2d 819 [1999]). Accordingly, we will not disturb that finding here.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.