■ In the Matter of CHRISTINE II., a Child Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLENENA JJ., Appellant. [787 NYS2d 182]—

Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered October 8, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Petitioner commenced this neglect proceeding against respondent, the mother of Christine II. (born in 1996), after an investigation revealed a pattern of conduct detrimental to the child's emotional health including, among other things, telling the child she would permanently leave her if the child stated that she wanted to live with her father, encouraging the child to fabricate abuse allegations about her father and to contact the

police about such made-up stories, prompting the child to steal from her father, repeatedly urging the child to lie in order to advance respondent's position regarding custody, and striking and threatening the child ostensibly to intimidate her into providing favorable evidence in the custody dispute. At the fact-finding hearing, several witnesses provided testimony substantiating the allegations, respondent elected not to testify, and the child was permitted to answer questions of Family Court, the attorneys and the Law Guardian outside the presence of the parents. Family Court found that neglect had been established and, prior to the dispositional hearing, respondent consented to the terms and conditions of a dispositional order that included, among other things, placing custody with the father for 12 months and respondent participating in various programs. Respondent appeals.

We affirm. Petitioner had the burden of proving by a preponderance of the evidence "first, that a child's physical, mental or emotional condition [had] been impaired or [was] in imminent danger of becoming impaired and second, that the actual or threatened harm to the child [was] a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f]; *Matter of Caleb C.*, 11 AD3d 737, 737-738 [2004]). Deference is afforded Family Court's factual findings and credibility determinations so long as they are supported by the record (*see Matter of Senator NN.*, 11 AD3d 771, 772 [2004]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]). Here, the testimony of several witnesses supplied the factual basis for concluding that respondent repeatedly engaged in the alleged conduct and that such conduct caused the young child extreme emotional distress. This evidence, which Family Court found credible, together with the inference afforded by respondent's failure to testify (*see Matter of Amanda RR.*, 293 AD2d 779, 780 [2002]), provided an ample basis for the finding of neglect. The fact that the child made an earlier allegation of abuse against the father does not support respondent's contention that Family Court erred in its fact-finding disposition. As noted by Family Court, this was the type of allegation that respondent pressured the child to make, the timing of the allegation coincided with a court hearing and, after making the allegation, the child repeatedly recanted. Under such circumstances, we discern no reason to reject Family Court's assessment of the evidence and conclusion that such abuse by the father did not occur.

Mercure, J.P., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.