In the Matter of ANNALIZE P. and Another, Children Alleged to be Neglected. ANGIE D., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [911 NYS2d 291]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about January 9, 2009, which, upon a fact-finding determination of neglect as to the two children and educational neglect as to one of the children, discharged the children to respondent mother on a trial basis, unanimously affirmed, without costs.

A preponderance of the evidence supports the court's finding that respondent neglected the two children by failing to provide them with adequate supervision (*see Matter of Serenity P. [Shameka P.]*, 74 AD3d 1855, 1856 [2010]; *Matter of Victor V.*, 261 AD2d 479 [1999], *lv denied* 93 NY2d 819 [1999]). A showing that the children were impaired by respondent's failure to exercise a minimum degree of care is not required for an adjudication of neglect; it is sufficient that they were "in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368-369 [2004]).

A preponderance of the evidence also supports the court's finding of educational neglect as to one of the children. The record shows that, in addition to five excused absences, respondent permitted the child to have 24 unexcused absences during the 2007-2008 school year (*see Matter of Amanda K.*, 13 AD3d 193 [2004]; *see also Matter of Kyle T.*, 255 AD2d 945 [1998], *lv denied* 93 NY2d 801 [1999]). While the court could reasonably have concluded, based on this record of excessive unexcused absences, that the child was in imminent danger of becoming impaired (*see Matter of Jovann B.*, 153 AD2d 858 [1989]), contrary to respondent's contention, the record supports the court's finding that the child's absences adversely affected her academic performance. Concur—Tom, J.P., McGuire, Acosta, Renwick and Freedman, JJ.