In the Matter of CLARISSA S.P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JARIS S., Appellant. (Proceeding No. 1.) In the Matter of MICHAEL S.P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JARIS S., Appellant. (Proceeding No. 2.) In the Matter of JESUS E.P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JARIS S., Appellant. (Proceeding No. 3.) In the Matter of KEYANNA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JARIS S., Appellant. (Proceeding No. 4.) [939 NYS2d 466]—

At a fact-finding hearing in a neglect proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving by a preponderance of the evidence that the subject children were neglected (see Family Ct Act § 1046 [b] [i]; Matter of Mariah C. [Frey C.-M.], 84 AD3d 1372 [2011]). "[A] party seeking to establish neglect must show . . . first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]).

In this case, the petitioner, the Administration for Children's Services, adduced evidence at the hearing which established that the mother repeatedly left Keyanna H. and Jesus E.P., who were both less than two years old, without leaving provisions for their care and without leaving any information about her own whereabouts, how long she would be gone, or how she could be contacted. In addition, the evidence showed that the mother engaged in a pattern of abusive behavior, including acts of domestic violence against the children's great-grandmother, without concern for the presence of Keyanna H. and Jesus E.P., who were rendered visibly upset and were caused to cry as a result of her belligerent conduct.

The mother chose not to testify at the fact-finding hearing.

Under the circumstances, the mother's failure to provide any testimony warrants "the strongest inference against [her] that the opposing evidence in the record permits" (*Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983]; *see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79-80 [1995]; *Matter of Cantina B.*, 26 AD3d 327, 327-328 [2006]; *Matter of LeVonn G.*, 20 AD3d 530, 531 [2005]; *Matter of Joseph C.*, 297 AD2d 673 [2002]). Contrary to the mother's contention, the finding of neglect against her was supported by a preponderance of the evidence, which demonstrated actual or imminent harm to both Keyanna H. and Jesus E. P. as a result of her failure to exercise a minimal degree of care (*see* Family Ct Act § 1012 [f]; *Nicholson v Scoppetta*, 3 NY3d at 368; *see also Matter of Andrew Y.*, 44 AD3d 1063, 1064 [2007]; *Matter of Victor V.*, 261 AD2d 479, 479-480 [1999]).

The Family Court's finding of derivative neglect of the children Michael S.P. and Clarissa S.P., was also appropriate. A preponderance of the evidence demonstrated that the neglect of Keyanna H. and Jesus E.P. was " 'so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exist[ed]' " (*Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001], quoting *Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see* Family Ct Act § 1046 [a] [i]), and that the neglect of Keyanna H. and Jesus E.P. evinced a "fundamental defect in [the mother's] understanding of the duties of parenthood" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694, 694 [1993]). Since the mother presented no evidence that the circumstances giving rise to the neglect of Keyanna H. and Jesus E.P. no longer existed, the Supreme Court properly made a finding of derivative neglect with respect to Michael S.P. and Clarissa S.P. (*see Matter of Amber C.*, 38 AD3d 538, 540 [2007]; *Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d at 694). Skelos, J.P., Hall, Austin and Miller, JJ., concur.