Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about February 27, 2012, which, following a hearing pursuant to Family Court Act § 1027, granted petitioner agency’s application to remand the subject children to the agency pending resolution of the neglect proceeding, unanimously affirmed, without costs, and the stay of the order currently in effect continued for 60 days from the date of entry of this order.
The record supports the court’s determination that the children’s lives or health was at imminent risk of harm (Family Ct Act § 1027 [b] [i]), given the strong evidence of educational neglect and the prior findings of educational and medical neglect (see Matter of Annalize P. [Angie D.], 78 AD3d 413 [1st Dept 2010]; see also Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739 [2d Dept 2011]). The court correctly found that reasonable efforts had been made to prevent the children’s removal from the home, including agency referrals to various services (see Nicholson v Scoppetta, 3 NY3d 357, 378 [2004]). Despite these efforts and prior neglect findings, the children’s excessive lateness and absence from school continued. Accordingly, the court properly determined that, despite the harm of removal, it was in the children’s best interests to remand them to the agency, rather than return them to respondent mother (see id. at 366-367).
However, respondent or any other interested party may move to vacate the Family Court’s order (see Family Ct Act § 1061). At oral argument, the agency indicated that it would not oppose such a motion, given respondent’s compliance with the terms and conditions of this Court’s April 2012 order staying the Family Court’s order (see id.) The stay shall continue in effect for 60 days from the date of entry of this order. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.