In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Turbow, J.), dated February 2, 2012, which, after a hearing, found that the father neglected the children Ernest A.C., Jr., and Jaevon C., and derivatively neglected the child Jaden J., directed that the children be placed in the custody of the Commissioner of Social Services of the City of New York until April 20, 2012, and directed that, during the period of such placement, the father was to (1) participate in alcohol and substance abuse programs, (2) obtain suitable housing and a source of income, and (3) participate in domestic violence counseling and a batterer’s program.
Ordered that the appeal from the dispositional portion of the *823 order of fact-finding and disposition is dismissed; and it is further,
Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of fact-finding and disposition as placed the subject children with the Commissioner of Social Services of the City of New York until the permanency hearing which was held on April 20, 2012, and directed that, during the period of such placement, the father was to (1) participate in alcohol and substance abuse programs, (2) obtain suitable housing and a source of income, and (3) participate in domestic violence counseling and a batterer’s program, must be dismissed as academic, as the period of placement has already expired (see Matter of Amiya S. [Twana J.F.], 100 AD3d 763 [2012]; Matter of Najad D. [Kiswana M.], 99 AD3d 707 [2012]; Matter of Ifeiye O., 53 AD3d 501, 501-502 [2008]), and there is no dispute with respect to whether the father complied with these conditions.
The evidence supports the Family Court’s determination that the father neglected the children Ernest A.C., Jr., and Jaevon C. by engaging in acts of domestic violence against the mother of those children in their presence that impaired, or created an imminent danger of impairing, their physical, emotional, or mental conditions (see Family Ct Act § 1012 [f] [i] [B]; see generally Nicholson v Scoppetta, 3 NY3d 357 [2004]). The Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal, as it had the opportunity to observe the demeanor of the witnesses, and will not be disturbed unless clearly unsupported by the record (see Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520 [2012]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1079-1080 [2011]). Contrary to the father’s contention, the Family Court properly credited the mother’s testimony, which established a pattern of domestic violence and intimidation perpetrated by the father (see Matter of Mohammad K.B. [Mohammed K-M.], 99 AD3d 796 [2012]).
The Family Court also properly concluded that a preponderance of the evidence demonstrated that the neglect of Ernest A.C., Jr., and Jaevon C. was “ ‘so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exist[ed]’ ” (Matter of Baby Boy W., 283 AD2d 584, 585 [2001], quoting Matter of Cruz, 121 AD2d 901, 902-903 [1986]; see Family Ct Act § 1046 [a] [i]; Matter of Clarissa S.P. [Jaris S.], 91 AD3d 785, 786 [2012]), and that the neglect of Ernest A.C., Jr., and Jaevon C. evinced a “fundamental defect *824 in [the father’s] understanding of the duties of parenthood” (Matter of Dutchess County Dept. of Social Servs. v Douglas E., 191 AD2d 694, 694 [1993]; see Matter of Clarissa S.P. [Jaris S.], 91 AD3d at 786). Since the father presented no evidence that the circumstances giving rise to the neglect of Ernest A.C., Jr., and Jaevon C. no longer existed, the Family Court properly made a finding of derivative neglect with respect to Jaden J. (see Matter of Clarissa S.P. [Jaris S.], 91 AD3d at 786; Matter of Amber C., 38 AD3d 538, 540 [2007]).
In light of our determination, we need not reach the father’s remaining contention. Skelos, J.E, Angiolillo, Roman and Miller, JJ., concur.