■ In the Matter of ALEXIS S.G. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SHANESE B., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of TAMIA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SHANESE B., Respondent, et al., Respondent. (Proceeding No. 2.) [967 NYS2d 737]—

In two related child protective proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Kings County (Danoff, J.), dated September 21, 2012, which, after a fact-finding hearing, dismissed the petitions against the mother.

Ordered that the order is affirmed, without costs or disbursements.

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). "[A] party seeking to establish neglect must show . . . first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [citation omitted]; *see* Family Ct Act § 1012 [f] [i]).

In this case, the Administration for Children's Services (hereinafter the ACS), adduced evidence at the fact-finding hearing which established that the mother suffered from bipolar disorder at the time each of the two subject children were born. "A finding of neglect may be predicated upon proof that a child's physical, mental, or emotional condition is in imminent danger of becoming impaired as a result of a parent's mental illness" (*Matter of Soma H.*, 306 AD2d 531, 531 [2003]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Karyn D.*, 282 AD2d 746 [2001]). However, "proof of mental illness alone will not support a finding of neglect"; the evidence "must establish a causal connection between the parent's condition, and actual or potential harm to the children" (*Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640 [2012]; *see Matter of Soma H.*, 306 AD2d at 531; *see also Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [2011]). Here, the ACS failed to establish, by a preponderance of the evidence, the existence of a causal connection between the mother's bipolar disorder and actual or potential harm to the subject

children (*see Matter of H. Children*, 156 AD2d 520 [1989]; *cf. Matter of Joseph A. [Fausat O.]*, 91 AD3d at 640).

Contrary to the contention of the ACS and the attorney for the children, the ACS also failed to establish, by a preponderance of the evidence, that the subject children were derivatively neglected by reason of prior neglect findings against the mother, which were entered before the subject children were born. The ACS failed to establish, by a preponderance of the evidence, that the conduct underlying the prior neglect findings was "so proximate in time to the derivative [allegations] that it can reasonably be concluded that the condition still exist[ed]" (*Matter of Cruz*, 121 AD2d 901, 902-903 [1986]; *see* Family Ct Act § 1046 [a] [i]; *Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076, 1077 [2011]; *cf. Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803, 804 [2011]; *Matter of Amber C.*, 38 AD3d 538, 540 [2007]; *Matter of Baby Boy W.*, 283 AD2d 584, 585 [2001]), and that the prior findings evinced a "fundamental defect in [the mother's] understanding of the duties of parenthood" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694, 694 [1993]; *see Matter of Xiomara D. [Madelyn D.]*, 96 AD3d 1239, 1240 [2012]; *Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785, 786 [2012]; *Matter of Andrew B.-L.*, 43 AD3d 1046, 1047 [2007]). Moreover, the ACS failed to establish, by a preponderance of the evidence, that the mother "failed to address the mental health issues that led to [the prior] neglect determination[ ]" (*Matter of Sasha M.*, 43 AD3d 1401, 1402 [2007]; *see* Family Ct Act § 1046 [a] [i]; *Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438, 1439 [2011]; *cf. Matter of Hannah UU.*, 300 AD2d 942, 944 [2002]).

Accordingly, the petitions against the mother were properly dismissed. Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.