In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Richroath, J.), dated March 7, 2013, which, after a hearing, found that she neglected the subject child.
Ordered that the order of fact-finding is affirmed, without costs or disbursements.
“To establish neglect pursuant to section 1012 (f) (i) (B) of the Family Court Act, the petitioner must prove, by a preponderance of the evidence, that (1) the child’s physical, mental, or *751 emotional condition has been impaired, or is in imminent danger of becoming impaired, and (2) the actual or threatened harm to the child is due to the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (Matter of Kiara C. [David C.], 85 AD3d 1025, 1025-1026 [2011]; see Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; Matter of Joshua J. [Derrick K.], 107 AD3d 893, 895 [2013]). “Where, as here, there is conflicting testimony and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight” (Matter of Heather S., 19 AD3d 606, 608 [2005]; see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176 [2010]).
In this case, the credible evidence adduced at the hearing established that the mother failed to pick up her five-year-old child from day care and did not return for him until the following day, approximately 18-20 hours after the regularly scheduled pick-up time. The mother failed to provide any notice to the day-care provider, and failed to respond to the provider’s repeated attempts to contact her. The mother’s failure to pick up her child from day care occurred after she had used morphine, for which she had no prescription, in combination with alcohol, and fell asleep for at least 17 hours. Contrary to the mother’s contention, the record supports the Family Court’s determination that the subject child’s physical, emotional, or mental condition was in imminent danger of becoming impaired (see Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [2013]; Matter of Joyce A-M. [Yvette A.], 68 AD3d 417, 418 [2009]; Matter of Victor V., 261 AD2d 479 [1999]; cf. Matter of Clarissa S.P. [Jaris S.], 91 AD3d 785 [2012]; Matter of Caleb C., 11 AD3d 737, 738 [2004]; cf. also Matter of Sasha B. [Erica B.], 73 AD3d 587 [2010]). Rivera, J.E, Leventhal, Chambers and Lott, JJ., concur.