In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Turbow, J.), dated January 22, 2013, which, after a fact-finding hearing, inter alia, found that he derivatively neglected the subject child and provided a disposition.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In this proceeding commenced on November 7, 2011, the petitioner alleges that the father derivatively neglected the subject child, an infant born on October 23, 2011, based upon prior adjudications that the father, through his drug use, neglected the child’s two oldest siblings and derivatively neglected one of the child’s older siblings.
The Family Court’s finding of derivative neglect was supported by a preponderance of the evidence, which demonstrated that the neglect and derivative neglect of the child’s older siblings was so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still existed (see Matter of Clarissa S.P. [Jaris S.], 91 AD3d 785, 786 [2012]; Matter of Amber C., 38 AD3d 538, 540-541 [2007]; Mat *951 ter of Baby Boy W., 283 AD2d 584, 585 [2001]), and that the neglect and derivative neglect of the child’s older siblings evinced a fundamental defect in the father’s understanding of the duties of parenthood (see Matter of Clarissa S.P. [Jaris S.], 91 AD3d at 786). Since the father presented no evidence that the circumstances giving rise to the neglect and derivative neglect of the child’s older siblings no longer existed, the Family Court properly made a finding of derivative neglect with respect to the subject child (see id,.).
The father’s challenge to the propriety of an order of protection dated January 17, 2013, is not properly before this Court, as no appeal was taken from that order. Skelos, J.E, Chambers, Hall and Miller, JJ, concur.