In the Matter of CHARISMA D. and Another, Children Alleged to be Neglected. SANDRA R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [981 NYS2d 522]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about June 20, 2012, which, insofar as appealed from as limited by the briefs, brings up for review a fact-finding determination that the mother neglected her children, Charisma D. and Jason T., by leaving them without any advance notice or provisions for their care with their maternal grandmother, who was an inappropriate caretaker, unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding of neglect due to inadequate supervision, as the mother left the subject children, at the time aged eight and three, with her own mother, who she knew, or reasonably should have known, to be an inappropriate caregiver (*see Matter of Lashina*

*P.*, 52 AD3d 293, 294 [1st Dept 2008]). Among other things, the mother conceded in prior proceedings that she knew the maternal grandmother had used illegal drugs and kept them in her home (*see Matter of Charisma D. [Sandra R.]*, 67 AD3d 404, 405 [1st Dept 2009]). Further, the mother knew that the maternal grandmother was attending a methadone treatment program each day from the morning until the afternoon, yet made no provision for the children's care during those extended periods (*see Matter of Annalize P. [Angie D.]*, 78 AD3d 413, 414 [1st Dept 2010]; *Matter of Serenity P. [Shameka P.]*, 74 AD3d 1855, 1856 [4th Dept 2010]). The mother also failed to make provision for the children to have adequate food and health care while they were with the maternal grandmother (*see Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785, 785 [2d Dept 2012]; *Matter of Joseph DD.*, 214 AD2d 794, 795-796 [3d Dept 1995]). Additionally, after the mother learned that the maternal grandmother had left the children with their respective paternal grandmothers, she failed to provide them with her contact information, and failed to communicate with the children for a substantial period of time (*see Matter of Victor V.*, 261 AD2d 479, 480 [2d Dept 1999], *lv denied* 93 NY2d 819 [1999]).

There is no basis to disturb the Family Court's credibility determinations (*see Matter of Deivi R. [Marcos R.]*, 68 AD3d 498, 499 [1st Dept 2009]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.