■ In the Matter of JEREMIAH I.W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ROGER H.W., JR., Appellant. (Proceeding No. 1.) In the Matter of NAVAEH V.W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ROGER H.W., JR., Appellant. (Proceeding No. 2.) In the Matter of ELIJAH B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ROGER H.W., JR., Appellant. (Proceeding No. 3.) [982 NYS2d 516]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals (1) from a fact-finding

order of the Family Court, Queens County (Arias, J.), dated March 20, 2013, which granted the petitioner's motion for summary judgment on the issue of whether he derivatively neglected the child Jeremiah I.W., and (2), as limited by his brief, from so much of an order of disposition of the same court (Arias, J.), also dated March 20, 2013, as, upon the fact-finding order, inter alia, released the child Jeremiah I.W. to the mother's custody.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The father is the person legally responsible for the care of Elijah B., and the biological parent of Navaeh V.W. and Jeremiah I.W. On January 8, 2013, the petitioner, Administration for Children's Services (hereinafter ACS), filed petitions alleging that the father neglected Elijah and Navaeh by perpetrating acts of domestic violence against the mother in the presence of the child or children since 2010 and as recently as December 3, 2012. The petitions further alleged that on December 7, 2012, the father pleaded guilty to attempted assault in the third degree, admitting that he attempted to assault the mother with the intent to cause physical injury (see Penal Law §§ 110.00, 120.00 [1]) based on the incident on December 3, 2012.

On January 9, 2013, the father consented to the jurisdiction of the Family Court pursuant to Family Court Act § 1051 (a), and on January 10, 2013, a finding of neglect was entered against the father with respect to Elijah and Navaeh. Within a month of the birth of Jeremiah on January 23, 2013, ACS filed a petition alleging that the father derivatively neglected Jeremiah, and subsequently moved for summary judgment based on the prior finding of neglect as to the other children. The father opposed the motion. The Family Court granted the motion and entered an order of fact-finding dated March 20, 2013, finding that the father had derivatively neglected Jeremiah. On the same date, the court entered an order of disposition as to all three children, inter alia, releasing the children to the mother's custody, with agency supervision, and directing the father to complete a batterer's intervention program. On appeal, the father challenges the Family Court's findings and order of disposition with respect to Jeremiah only.

While "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any

other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046 [a] [i]), "there is no per se rule that a finding of neglect of one sibling requires a finding of derivative neglect with respect to the other siblings" (*Matter of Andrew B.-L.*, 43 AD3d 1046, 1047 [2007]; *see Matter of Elijah O. [Marilyn O.]*, 83 AD3d 1076 [2011]; *Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d 694 [1993]). "The focus of the inquiry to determine whether derivative neglect is present is whether the evidence of abuse or neglect of one child indicates a fundamental defect in the parent's understanding of the duties of parenthood. Such flawed notions of parental responsibility are generally reliable indicators that a parent who has abused one child will place his or her other children at substantial risk of harm" (*Matter of Dutchess County Dept. of Social Servs. v Douglas E.*, 191 AD2d at 694 [citations omitted]).

Further, "[i]n determining whether a child born after the underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists. In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (*Matter of Elijah O. [Marilyn O.]*, 83 AD3d at 1077 [internal quotation marks and citations omitted]; *see Matter of Baby Boy W.*, 283 AD2d 584 [2001]).

The Family Court properly concluded that the neglect of Elijah and Navaeh evinced a "fundamental defect in [the father's] understanding of the duties of parenthood" (*Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d 785, 786 [2012] [internal quotation marks omitted]; *see Matter of Jaden J. [Ernest C.]*, 106 AD3d 822 [2013]; *Matter of Astrid C.*, 43 AD3d 819 [2007]) and that the neglect of Elijah and Navaeh was "so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exist[ed]" (*Matter of Baby Boy W.*, 283 AD2d at 585 [internal quotation marks omitted]; *see Matter of Jaden J. [Ernest C.]*, 106 AD3d at 822; *Matter of Clarissa S.P. [Jaris S.]*, 91 AD3d at 785; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d 803 [2011]; Family Ct Act § 1046 [a] [i]).

Since the father failed to present any evidence to either rebut the petitioner's prima facie case or establish that the condition

leading to the neglect finding as to the other children no longer existed, the derivative neglect finding was proper (*see Matter of Alyssa WW. [Clifton WW.]*, 106 AD3d 1157 [2013]; *Matter of Jamarra S. [Jessica S.]*, 85 AD3d at 804-805; *Matter of Baby Boy W.*, 283 AD2d at 585). Dickerson, J.P., Chambers, Austin and Sgroi, JJ., concur.