Order of fact-finding, Family Court, Bronx County (Fernando Silva, J.), entered on or about November 29, 2011, which, to the extent appealed from, after a hearing, found that respondent mother neglected two of her children and derivatively neglected the other two, unanimously affirmed, without costs.
The finding that respondent neglected Joshua and Jaziah by failing to provide them with a proper education is supported by a preponderance of the evidence, including evidence of excessive school absences during the 2009-2010 academic year, which had a detrimental effect on the children’s school performance and caused each to repeat a grade (see Family Ct Act § 1012 [¶] [i] [A]; Matter of Annalize P. [Angie D.], 78 AD3d 413 [1st Dept 2010]). Respondent failed to offer credible evidence in support of a reasonable justification for failing to send the children to their designated school, or to establish that the children were in any physical danger at their school, which would support a safety transfer to another school.
A preponderance of the evidence supports the finding that respondent was also medically neglectful of Joshua and Jaziah, including evidence that, although she acknowledged the children’s serious behavioral problems, she failed to follow through on numerous referrals to engage them in mental health services (see e.g. Matter of Charlie S. [Rang S.], 82 AD3d 1248 [2d Dept 2011], lv denied 17 NY3d 704 [2011]).
The credible evidence supports the court’s finding that respondent also subjected Joshua and Jaziah to excessive corporal punishment with the use of belts and a plastic bat (see e.g. Mat *449 ter of Alysha M., 24 AD3d 255 [1st Dept 2005], lv denied 6 NY3d 709 [2006]). Joshua and Jaziah each provided a detailed account of how they were disciplined by respondent. Their out-of-court statements are further corroborated by the caseworker’s testimony that she saw marks on the children’s legs that were partially attributed to being hit by respondent, as well as their older brother’s independent statements (see e.g. Matter of Joshua B., 28 AD3d 759, 761 [2d Dept 2006]; Matter of Anahys V. [John V.], 68 AD3d 485, 486 [1st Dept 2009], lv denied 14 NY3d 705 [2010]).
The court’s finding of derivative neglect of Jadaquis and Dashell is supported by a preponderance of the evidence of respondent’s neglect of Joshua and Jaziah, which “ ‘demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care’ ” (see Matter of Ian H., 42 AD3d 701, 704 [3d Dept 2007] [internal quotation marks omitted], lv denied 9 NY3d 814 [2007]). Concur — Tom, J.E, Acosta, Saxe, DeGrasse and Freedman, JJ.