Matter of Vazquez v New York State Off. of Children & Family Servs. (2025 NY Slip Op 05328)

Matter of Vazquez v New York State Off. of Children & Family Servs.

2025 NY Slip Op 05328

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Docket No. 157860/20|Appeal No. 4828|Case No. 2024-03308|

[*1]In the Matter of Angelina Vazquez, Petitioner,
v
New York State Office of Children and Family Services, et al., Respondents.

Tilem & Associates, PC, White Plains (Robert M. Schechter of counsel), for petitioner.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for State respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for City respondent.

Determination of respondent New York State Office of Children and Family Services (OCFS), dated June 1, 2020, which, after a hearing, found that petitioner committed maltreatment of her child, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about April 17, 2024), dismissed, without costs.
Respondent OCFS's determination that petitioner educationally neglected her child, H., is supported by substantial evidence (see CPLR 7803[4]). H.'s attendance records demonstrate that he was absent 37 days and late to school 27 days in the first term of the 2017-2018 school year (see Matter of Olivia J.R. [Marianette R.], 168 AD3d 433, 434 [1st Dept 2019]; Matter of Annalize P. [Angie D.], 78 AD3d 413, 414 [1st Dept 2010]). Moreover, H.'s promotion was in doubt, as his absences and tardiness interfered with his ability to receive the in-school services that were in place to address his developmental delays (see Matter of Kyeley V. [Antoinette V.], 160 AD3d 468, 468 [1st Dept 2018]; Matter of Jonathan M. [Gilda L.], 139 AD3d 438, 438-439 [1st Dept 2016]). There is no basis to disturb the ALJ's finding that petitioner's justification for these absences — H.'s myriad health problems — was not credible (see Matter of Jaquan F. [Alexis F.], 120 AD3d 1113, 1114 [1st Dept 2014]).
Contrary to petitioner's contentions, judicial estoppel based on the article 10 petition respondent New York City Administration for Children's Services (ACS) brought against her is inapplicable because ACS did not obtain a judgment in its favor in that proceeding; rather, it voluntarily withdrew its petition without prejudice (see e.g. Nationstar Mtge. LLC v Cogen, 159 AD3d 428, 428-429 [1st Dept 2018]). Finally, the amendments to Social Services Law §§ 422(8)(b)(ii) and 424-a(1)(e) do not apply retroactively to OCFS's determinations, such as this one, that were rendered prior to 2022 (see Matter of Jeter v Poole, 43 NY3d 241, 250-253 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025